RIMM, J. T. C.
This local property tax case involves the issue of tax exemption of property transferred to a tax-exempt organization on December 1, 1975. The only year in question is the tax year 1976, the city having allowed exemption for 1977 and subsequent years. In accordance with the pretrial order, the matter is before the court on a stipulation of facts and the briefs of the parties.
From the stipulation and the briefs the court finds that the property, designated as lot 21 in block 43 and commonly known as 1021 South Main Street, was owned by a non-exempt owner on October 1, 1975. The city assessed the property for the tax year 1976 at $5,700 for the land and $12,350 for the improvements for a total assessment of $18,050. The plaintiff is a non-profit organization within the requirements of N.J.S.A. 54:4-3.6. It purchased the subject property by agreement of sale dated July 30, 1975, and title to the property was transferred from the non-exempt owner to the plaintiff on December 1, 1975. The deed was recorded in the Atlantic County Clerk’s office on December 3, 1975. The initial statement, or application to the assessor of Pleasantville for exemption of real property from taxation pursuant to N.J.S.A. 54:4-4.4 was filed by the plaintiff on August 13, 1976. On appeal to the Atlantic County Board of Taxation the original assessment for 1976 was sustained.
The plaintiff contends that it was taxed for 1976 solely because an initial statement had not been filed by November 1 of the pre-tax year. It argues that it should not be deprived of an exemption to which it would otherwise be entitled because of its failure to file on time. It claims that: (1) it was impossible for it to have filed on time since it did not own the property on November 1; (2) the provisions of N.J.S.A. 54:4 — 4.4 are directed to the tax assessor and not the property owner; and (3) the statute is procedural and not substantive.
*195 The plaintiff states that it has been unable to locate any reported case on point, except for Emanuel Missionary Baptist Church v. City of Newark, 1 N.J.Tax 264 (Tax Ct.1980), on which it relies as dispositive of the matter in its favor. The plaintiff recites that the issues in Emanuel were, first, the legal effect of the failure of the plaintiff therein to file its initial statement on or before November 1 of the pre-tax year and, second, whether the plaintiff’s acquisition of the property after the assessing date vitiates the exemption. Since neither the acquisition after October 1 nor the failure to file an initial statement on or before November 1 vitiated the exemption in Emanuel, the plaintiff claims that it is also entitled to tax exemption for its property.
The plaintiff’s reliance on Emanuel is misplaced. That case dealt with the transfer of real property from an exempt taxpayer to an exempt taxpayer. At the time of the transfer the real property was exempt from taxation and the Tax Court continued the exemption. The court said:
Ownership of the subject property on the assessing date (Oct. 1,1974) was in a tax-exempt religious corporation and its use of the property entitled it to an exemption on that date pursuant to N.J.S.A. 54:4-3.6. It is well settled that, absent a statute to the contrary, property is assessable or exempt with reference only to its ownership and use on October 1 of the pretax year....
Moreover, it is the use of the property, not the status or character of its owner, that determines exemption.... The undisputed facts here indicate that there was no interruption in the exempt use of the subject premises when title and possession were transferred from one tax exempt religious corporation to another, [at 268-69]
In the present case the transfer of the real estate was from a non-exempt taxpayer to an exempt taxpayer, and the transfer took place on December 1, 1975 so that on October 1 of the pre-tax year, the critical date for assessing purposes, the property was owned by a non-exempt taxpayer.
In making its arguments concerning N.J.S.A. 54:4-4.4 and the November 1 filing date for the initial statement, the plaintiff does not deal with the question of ownership and use of the subject property on October 1 of the pre-tax year. It has long been established in New Jersey that the tax status of property is fixed as of the assessing date. Jersey City v. *196 Montville, 84 N.J.L. 43, 44-45, 85 A. 838 (Sup.Ct.1913) aff’d 85 N.J.L. 372, 91 A. 1069 (E. & A. 1913). That date is now October 1 in each year. N.J.S.A. 54:4-1. See N.J.S.A. 54:4-23, 35. Thus questions of exemption or valuation are determined as of that date unless the Legislature has specifically provided otherwise. See East Orange v. Palmer, 47 N.J. 307, 320-321, 220 A.2d 679 (1966): City of Bayonne v. International Nickel Co., Inc., 104 N.J.Super. 45, 47, 248 A.2d 547 (App.Div.1968) aff’d 54 N.J. 94, 253 A.2d 545 (1969) app. dism. 396 U.S. 111, 90 S.Ct. 396, 24 L.Ed. 2d 304 (1969). In Shelton College v. Ringwood, 48 N.J.Super. 10, 136 A.2d 660 (App.Div.1957), the taxpayer acquired the property on February 16,1954 from a non-exempt owner. It claimed that it was entitled to an exemption for the tax year 1954 from the date it acquired title. The court disagreed on the basis that the plaintiff did not own the property on October 1 of the pre-tax year.
Several statutory provisions deal with exemptions and the date for determining exempt status. The October 1 date for determining exempt status has been changed with respect to the transfer of property from an exempt to a non-exempt owner. N.J.S.A. 54:4-63.26 to 63.28. Similarly, specific statutes apply to the conveyance of property from a non-exempt owner to the State of New Jersey or to its agencies, NJ.S.A. 54:4-3.3b, and to the acquisition of property by a county park commission, N.J. S.A. 40:37-101. There is also now a statute governing the conveyance of property from one exempt owner to another exempt owner. Emanuel Missionary Baptist Church v. City of Newark, supra, 1 N.J.Tax at 266, n.1, and N.J.S.A. 54:4-3.6b (L. 1979, c. 454).
There is then no “conflict between Sections 3.6 and 4.4” as urged by the plaintiff. N.J.S.A. 54:4-4.4 requires the filing of an initial statement by November 1 of the pre-tax year, an altogether reasonable requirement if the property is exempt under N.J.S.A. 54:4-3.6 by virtue of its ownership and use by an exempt taxpayer on October 1 of the pre-tax year. Even the failure to file on November 1 may not vitiale the exemption. As *197 pointed out in Emanuel, the filing under N.J.S.A. 54:4-4.4 is not a condition precedent to the allowance of an exemption under N.J.S.A. 54:4-3.6. Id. at 268. However if there is no qualification for exemption under N.J.S.A. 54:4-3.6 in the first place by ownership and use on October 1, the property is not entitled to exempt status for the tax year in question. Equality of the public tax burden is a fundamental tenet of our statutes. Since a statutory exemption departs from this, it is strictly construed against the exemption claimant. Princeton University Press v. Princeton, 35 N.J. 209, 214, 172 A.2d 420 (1961); Township of Teaneck v. Lutheran Bible Institute, 20 N.J. 86, 90, 118 A.2d 809 (1955); Julius Roehrs Co. v. Division of Tax Appeals, 16 N.J. 493, 497-98, 109 A.2d 611 (1954).
The court concludes that tax-exempt status is determined as of October 1 of the pre-tax year, and if real estate is not qualified for tax exemption on October 1 of the pre-tax year, it is not exempt for the tax year unless there is a specific statutory provision otherwise.
The clerk of the Tax Court will enter a judgment that the assessment for the subject property for 1976 is $5,700 for the land and $12,350 for the improvements for a total assessment of $18,050.