NUGENT, J.T.C.
In July 2009 plaintiff, a tax-exempt entity, purchased the subject property. The property was exempt from local property taxes in accordance with N.J.S.A. 54:4-3.6 under the prior owner. Subsequent to the change in title, the city’s assessor returned the property to the municipal tax rolls. Plaintiff appeals from the denial of its claim for tax exemption for the balance of the 2009 tax year, from July 2009 to December 2009. Both parties agree that *141 pursuant to N.J.S.A. 54:4-3.6, plaintiff is entitled to a property tax exemption, and defendant did grant plaintiffs exemption claim for the 2010 tax year. However, defendant contends that the exemption under the prior owner does not extend to the remainder of tax year 2009 since N.J.S.A. 54:4-3.6b requires that the exempt purchaser of property transferred from an exempt owner must have previously acquired and owned exempt property for the extension to apply.
This issue is brought before the court by way of cross-motions for summary judgment and the material undisputed facts render the matter ripe for summary judgment. The court finds that N.J.S.A. 54:4-3.6b does not require that a tax-exempt purchaser own other tax-exempt property for the exemption to continue. Rather, this statute recognizes the continuation of a property tax exemption upon the transfer from one qualified tax-exempt entity to another and clarifies the filing requirement for those occasions when the transfer occurs after October 1 to permit the exemption to continue uninterrupted.

Undisputed Facts

The subject property is located at 35 James Street, Newark, New Jersey, and known and designated as Block 33, Lot 32, on the Newark tax map. Previously owned by Do Something, Inc., (“Do Something”) a New York nonprofit corporation, it was entered into the tax reeord as a tax-exempt property. In 2005, Do Something’s teacher training program separated from Do Something and formed its own corporate entity known as, The League (plaintiff herein). Do Something allowed plaintiffs program to continue to operate at the subject property and in July 2009 transferred ownership of the property to plaintiff.
Prior to November 1, 2009, plaintiff submitted an initial statement claiming property tax exemption with the Office of the Tax Assessor of the City of Newark pursuant to N.J.S.A. 54A-4A.[1] In *142 January 2010, plaintiff was informed that the exemption claim was denied and in March filed an appeal of the assessor’s decision with the Essex County Tax Board. Plaintiff paid taxes for the period of July 2009 through December 2009 as well as for the 2010 tax year. Prior to prosecution of the appeal before the Tax Board, plaintiff was informed that defendant would grant the exemption and a judgment of exemption for 2010 was entered. Subsequently, plaintiff contacted the Tax Assessor to initiate the refund process, and was advised that it was entitled to a 2010 property tax refund as the exemption was granted for 2010 only. Plaintiff filed a complaint with the Tax Court of New Jersey in order to recoup tax payments made for the year 2009.

Findings of law

As pronounced by our courts, “[i]t has long been established in New Jersey law that the tax status of a property is fixed as of the assessing date. City of Jersey City v. Township of Montville, 84 N.J.L. 43, 44-45, 85 A. 838 (Sup.Ct.) aff'd 85 N.J.L. 372, 91 A. 1069 (E. & A.1913). That date is now October 1 in each year. N.J.S.A. 54:4-1. See N.J.S.A 54:4-23, 35. Thus, questions of exemption or valuation are determined as of that date unless the Legislature has specifically provided otherwise.” Atlantic County New School, Inc. v. City of Pleasantville, 2 N.J.Tax 192, 196 (Tax 1981) (citations omitted).
Since the Montville ease was decided, the Legislature has determined to adjust the relevant date for fixing the tax status of exempt property in certain circumstances. As the court stated in Atlantic County New School, “[t]he October 1 date for determining exempt status has been changed with respect to the transfer of property from an exempt to a non-exempt owner. N.J.S.A. 54:4-63.26 to 63.28.” 2 N.J.Tax at 196. Prior to those statutory *143 enactments, transfer of property from an exempt entity to a nonexempt entity was governed by the holding of Montville, and property was determined exempt based on the ownership and use on October 1 of the pre-tax year. Pursuant to N.J.S.A. 54:4-63.28, however, property transferred from an exempt entity to a nonexempt entity “shall be assessed and taxed as of the first day of the month following the date when the right to exemption ceased, for the proportionate part of the said year then remaining.”[2] Cognizant that Montville resulted in a clear inequity where it would provide non-exempt organizations a beneficial tax exemption if the property was purchased from an exempt entity, the Legislature enacted the statute “to enable a municipality to collect taxes in such a case.... ” Jabert Operating Corp. v. City of Newark, 16 N.J.Super. 505, 509, 85 A.2d 216 (App.Div.1951).
In a corresponding manner, the Legislature has enacted legislation to deal with the inequity of the Montville holding as it pertains to the acquisition of property by a governmental authority. N.J.S.A. 54:4-3.3b governs the acquisition of property by the State of New Jersey or its agencies and provides that “such [acquired] property shall become tax exempt on January 1 of the calendar year next following the date of acquisition, provided that the tax assessor ... is given written notice ... on or before January 10 of said calendar year next following____” It further allows that if the “real property is acquired between January 1 and January 10” and notice is provided on or before January 10, “such real property shall become tax exempt as of the date of acquisition.” Ibid.
Plaintiff herein relies upon the holding of Emanuel Missionary Baptist Church v. City of Newark, 1 N.J.Tax 264 (Tax 1980), which involved a tax-exempt property transferred among exempt entities. There, as in the present case, the prior owner retained title and possession of the property on October 1 of the pre-tax year. The court in Emanuel considered whether plain *144 tiffs acquisition of the property after the assessing date vitiated the exemption.[3] Defendant there argued that the transfer was governed by N.J.S.A. 54:4-63.28 and that the property was assessable as omitted property pursuant to N.J.S.A 54:4-63.26. Judge Crabtree concluded “it is the use of the property, not the status or character of its owner, that determines exemption----The undisputed facts here indicate that there was no interruption in the exempt use of the subject premises when title and possession were transferred from one tax exempt religious corporation to another”. Emanuel, supra, 1 N.J.Tax at 269 (citations omitted). The court found that the statutes governing the conveyance of property from an exempt to a non-exempt entity “deal with the consequences of a loss of exemption by reason of a change in use or ownership during the tax year”, and, according to Judge Crabtree, because the “exemption was never lost” the statutes did not apply. Ibid. In accordance with his findings, the Judge invalidated the assessments placed on the property and permitted the exemption to continue uninterrupted from the date of the property transfer. Ibid.
Defendant acknowledges that pursuant to Emanuel, a property transferred from one exempt entity to another may retain the exemption provided that the exempt use is not interrupted. The subject property transferred to plaintiff was tax exempt in the hands of Do Something on October 1, 2008, the assessing date for the 2009 tax year, and the use continued unchanged. However, defendant contends that N.J.S.A. 54:4-3.6b, which became effective two months prior to the Emanuel decision, bars the application of Emanuel in this ease.
*145 N.J.S.A. 54:4-3.6b entitled, “Continuation on transfer from one to another non-profit organization” reads as follows:
Wherever an owner of real property, who has been granted an exemption from taxation pursuant to R.S. 54:4-3.6 or R.S. 54:4-3.26 shall make subsequent application for an exemption from taxation for property newly acquired by him, such application shall be deemed timely filed notwithstanding that the acquisition may have been made subsequent to October 1 of the pretax year, and the exemption shall be extended, provided:
a. The applicant and subject property meet all other requirements for exemption; and
b. The subject property was exempt from taxation under this article when acquired by the applicant.
The legislative history accompanying N.J.S.A. 54:4-3.6b indicates that the intent and purpose of the statute was to resolve inconsistencies arising due to the requirement of ownership as of the October 1 assessing date for transfers between tax-exempt entities. Thus, when passing the statute the Legislature stated:
This bill is intended to rectify an inconsistency in the statutory procedure regarding exemption from taxation of nonprofit organizations and fraternal organizations. A property transferred from one qualifying taxpayer to another would remain exempt. Current law requires, in part, ownership of the property on October 1 of the pretax year. This has created the situation where an organization, otherwise exempt, is held liable for taxes where the ownership prerequisite is not met, only to be granted an exemption for the next and subsequent years. Under this bill the transfer of property from one exempt organization or otherwise exempt taxpayer to another will not disturb the exemption.
[Statement accompanying bill No. 3509 ] [July 9,1979] (emphasis added).[4]
Defendant here argues that the statute is clear that the new exempt owner must have already owned exempt property in order for the exemption to continue on the transferred property. Because plaintiff did not own other exempt property at the time of the transfer, defendant did not grant a continuation of the exemption. Given that plaintiff failed to fall within the exception presented by the statute, defendant contends that the tax exemption ceased after the transfer of ownership forcing defendant to place the property back on the tax rolls. Accordingly, the exemption did not take effect until the beginning of the calendar year next following the assessing date of October 1, 2009 on which date *146 defendant found that property qualified for exemption for tax year 2010.
Defendant further contends that the Emanuel holding has limited bearing on this case because it does not address N.J.S.A. 54:4-3.6b, effective just prior to the date of the Emanuel decision.* [5] While in agreement with defendant that N.J.S.A. 54:4-3.6b is the statute that governs when extending an exemption from one exempt owner to another, plaintiff contends that defendant’s interpretation is both incorrect and contradictory to the decisional law as well as the statute’s legislative intent which states, in short, that absent a change in use when a property is transferred from one qualified exempt owner to another, the exemption continues for the remainder of the tax year. Plaintiff relies on the holding of Emanuel and urges this court to conclude that defendant’s interpretation of the statute is flawed and that a judgment of exemption in favor of plaintiff is warranted as a matter of law.[6]
Defendant and plaintiff argue different interpretations of N.J.S.A. 54:4-3.6b and the court acknowledges that other interpretations may derive from reading the statute. However, the mere existence of a variety of other interpretations is clear evidence of the inherent ambiguity of the statute. Thus, while the court’s analysis should begin with the plain language of the statute which is the “best indicator” of legislative intent, if “there is ambiguity in the statutory language that leads to more than one plausible interpretation” the court can review “extrinsic evidence, *147 including legislative history, committee reports, and contemporaneous construction.” DiProspero v. Penn, 183 N.J. 477, 492-93, 874 A.2d 1039 (2005).
N.J.S.A. 54:4-3.6b begins by defining the applicant for exempt property, “[wjherever an owner of real property, who has been granted an exemption from taxation pursuant to R.S. 54:4-3.6 or R.S. 54:4-3.26 shall make subsequent application for an exemption from taxation for property newly acquired by him____” Defendant asserts that the only way to interpret this section of the statute is that the Legislature is requiring the applicant to already own property deemed exempt.
However, defendant’s assertion fails to consider that the Legislature may have been referring to the same property, and not another property. An application of plaintiffs facts to the court’s interpretation of the statute would render a reading of the statute more in line with the legislative intent. “Wherever an owner of real property,” refers to plaintiff, who owned the subject property as of July 2009. The next sentence, “has been granted an exemption from taxation pursuant to R.S. 54:4-3.6 or R.S. 54:4-3.26,” appears to imply a pre-existing exemption. However, when interpreted in accordance with the clear intent of the statute, this requirement is satisfied by plaintiff since the subject property has been granted an exemption for 2010 based upon the filing of an initial statement in 2009. And finally, “shall make subsequent application for an exemption from taxation for property newly acquired by him,” is met by the plaintiff once an application for exemption for this property is filed.[7] The statute concludes by stating that this subsequent application will be considered to be timely filed “notwithstanding that the acquisition may have been made subsequent to October 1 of the pretax year.” This issue *148 surrounding the filing of an initial statement addressed by N.J.S.A. 54:4-3.6b corrects an inconsistency—the statute allows the late filing if the acquisition of the property occurs after October 1, since a timely filing of the statement would be impossible. This interpretation is more in line with the legislative history. It is clearly evident that the Legislature wanted to continue the exemption when the transfer occurs between two exempt organizations or taxpayers. Nowhere in the legislative history does there appear any reference to the notion that the new owner must have already owned exempt property, the theory postulated by defendant.
This court rejects defendant’s argument that the Legislature expressly and intentionally limited the operation of the statute to property newly acquired by purchasers who had been previously granted exemption for other property under the statutory construction principle of expression unius est exclusio alterius (the expression of one is the exclusion of others). Application of the principle of statutory construction would result in an interpretation of the statute contrary to the legislative intent.
Moreover, defendant’s argument that Emanuel has been effectively superseded by N.J.S.A. 54:4-3.6b is without merit. While Emanuel merely acknowledges the existence of the statute, its bearing on this case is much greater than defendant recognizes. The case exemplifies the inconsistency which the Legislature intended to correct when enacting N.J.S.A 54:4-3.6b. This statute, similar to N.J.S.A. 54:4-63.28 and N.J.S.A. 54:4-3.3b, was enacted to correct an inequity in the application of the Montville; in this case, as applied to the transfer of property between two exempt organizations. Thus, Emanuel remains viable law which does not contradict the intent and purpose of N.J.S.A. 54:4-3.6b, but rather provides the context considered by the Legislature in enacting the statute.
Defendant’s interpretation of N.J.S.A. 54:4-3.6b may or may not be the “literal application of the language,” but it is obviously in contradiction with the desired intent of the statute. The intent of the statute is clear from the language of the sponsor’s statement *149 that accompanied the legislation, further, the “spirit” of the statute calls for the continuation of an exemption when property is transferred from one exempt entity to another exempt entity.
Oftentimes statutes are not crafted with the precise language desired by a litigant. Statutes may be written with the lofty ambitions of being broad enough to encompass any and all scenarios, or they may be narrowly tailored to fit an exact model. But it is important to note our Supreme Court’s sentiment on legislation:
It is frequently difficult for a draftsman of legislation to anticipate all situations and to measure his words against them. Hence cases inevitably arise in which a literal application of the language used would lead to results incompatible with the legislative design. It is the proper function, indeed the obligation, of the judiciary to give effect to the obvious purpose of the Legislature, and to that end ‘words used may be expanded or limited according to the manifest reason and obvious purpose of the law. The spirit of the legislative direction prevails over the literal sense of the terms.’ Alexander v. New Jersey Power & Light Co., 21 N.J. 373, 378 [122 A.2d 339] (1956); Wright v. Vogt, 7 N.J. 1, 6 [80 A.2d 108] (1951); Glick v. Trustees of Free Public Library, 2 N.J. 579, 584 [67 A.2d 463] (1949).
[New Capitol Bar & (Prill Corp. v. Div. of Employment Sec., 25 N.J. 155, 160, 135 A.2d 465 (1957)].
The court finds that N.J.S.A. 54:4-3.6b does not limit the continued tax exemption to a tax-exempt owner who previously owned other tax-exempt property. When transfer of property occurs from one exempt organization to another exempt organization, with no change in use, the exemption shall continue with no requirement that the purchaser own other exempt property. N.J.S.A. 54:4-3.6b effectively pronounces the exempt purchaser’s right to continue the exemption, and codifies the filing requirement for the extension.
The statute requires that the new owner file the initial statement for the subsequent tax year to claim their exemption, and then file an initial statement for the current partial tax year in order to obtain the extension. Plaintiff has complied with these requirements. It acquired the property from an exempt organization, and then filed for, and received, an exemption for 2010. Plaintiff need only file an initial statement for 2009 in order to receive the extension.
Plaintiffs motion for summary judgment is granted and defendant’s cross-motion for summary judgment is denied. An Order *150 directing the assessor to list the property as exempt for the entire 2009 tax year will be issued in accordance with this opinion.

 N.J.S.A. 54:4-4.4 reads, in part:
"Every municipal tax assessor shall, on or before October 1, 1951, obtain from each owner of real property in his taxing district, for which a tax *142 exemption is claimed, an initial statement under oath ... Thereafter, and on or before November 1 of each year, said assessor shall obtain an initial statement, if one has not theretofore been filed. When an initial statement has theretofore been filed ... and thereafter not later than November 1 of every third succeeding year, said assessor shall obtain a further statement under oath from each owner of real property for which tax exemption is claimed...."

 According to N.J.S.A. 54:4-63.26, whenever exempt property ceases to be exempt "by reason of a change in use or ownership of such property, same shall be assessable as omitted property...."

 Also at issue was the legal effect of plaintiff’s failure to file the statement contemplated by N.J.S.A. 54:4-4.4 on or before November 1, 1974. The Emanuel court found that the language of N.J.S. A. 54:4-4.4 cannot be contemplated as a "condition precedent to the allowance of an exemption under N.J.S.A. 54:4-3.6.” 1 N.J.Tax at 268. The court reasoned that N.J.S.A. 54:4-4.4 "merely provides for the monitoring and verification of exemption claims by the assessor, with the triennial statement serving as the basic audit document,” while 54:4-3.6 is "set forth with great particularity” and therefore did not find that plaintiff’s failure to file an initial statement barred him from claiming an exemption. Id.

 The Assembly Taxation Committee adopted the bill sponsor's statement verbatim. [July 31, 1979]

 In a footnote Judge Crabtree acknowledged that N.J.S.A. 54:4-3.6b had been enacted during the pendency of the Emanuel case and stated "[i]ts effect has not been considered by this Opinion." Emanuel, supra, 1 NJ.Tax at 266, n. 1.

 According to plaintiff it is a "spin-off” organization of Do Something. Defendant acknowledges that the grantor and grantee are "related entities". The fact that the property was used for an exempt purpose on October 1, 2008 is undisputed. Plaintiff argues that even if the court accepts the interpretation of the statute argued by defendant, since plaintiff is a "spin-off" organization of the prior owner, "essentially" the "two linked organizations have owned property since 2005." While plaintiff's argument raises a factual issue, the court will dispose of the matter through interpretation of the statute on the basis of the undisputed facts presented by the parties.

 The court acknowledges that plaintiff has not filed an initial statement for an extension of the property tax exemption for the remainder of 2009. However, a mere procedural flaw will not ruin the merits of plaintiff's case. Plaintiff need merely file the statement in order to receive the extension. Furthermore, the statute does not provide an expiration date for the extension of the exemption and therefore, plaintiff may file it at any time after ownership of the property has been transferred and the exemption has been granted for the subsequent year.