**NOT FOR PUBLICATION WITHOUT APPROVAL OF**
**THE TAX COURT COMMITTEE ON OPINIONS**

**TAX COURT OF NEW JERSEY**



**MALA SUNDAR**
**PRESIDING JUDGE**

Richard J. Hughes Justice Complex
P.O. Box 975
Trenton, New Jersey 08625-0975
609 815-2922, Ext. 54630 Fax 609 376-3018

May 30, 2025

Fredric L. Shenkman, Esq.
Cooper Levenson, P.A.
Attorneys for Plaintiff

Justin M. Strausser, Esq.
The Platt Law Group, P.C.
Attorney for Defendant

> Re:    Greater New Jersey Annual Conference of the United
>        Methodist Church v. Borough of Stratford
>        Docket No. 000354-2024

Dear Counsel:

This opinion decides plaintiff's partial summary judgment motion seeking an Order to reverse the judgment of the Camden County Board of Taxation ("County Board") which affirmed the added assessment for tax year 2023 imposed by defendant's assessor. The assessor did so on grounds plaintiff's property was not being actively used for religious purposes, therefore should not be tax-exempt.[1] Defendant opposed the motion as premature since discovery is incomplete.

---

[1] Plaintiff included tax year 2022 in its motion. For this tax year, defendant's assessor imposed an omitted assessment for the same reason. Plaintiff allegedly challenged the omitted assessment before the County Board. Its complaint to this court, however, did not include a copy of the judgment, and parties were unable to provide the same for purposes of the instant motion. Therefore, this opinion addresses only tax year 2023.

For the reasons stated below, the court denies plaintiff's partial summary judgment motion without prejudice so defendant can complete discovery.

**FACTS**

The following are the undisputed facts from the certifications attached to the parties' pleadings, including certifications in support of their respective arguments. Plaintiff, the Greater New Jersey Annual Conference of the United Methodist Church ("GNJUMC") is organized exclusively for religious purposes. It is exempt from federal income tax under I.R.C. § 501(c). It is also a recognized religious entity under N.J.S.A. 16:10A-1. Per its book of "Discipline," the title to all real property "held by a local church" is held in trust "for the United Methodist Church and subject to the provisions of its Discipline." GNJUMC claims that pursuant to the "in trust" provision, it is the real owner of the property regardless of how it is titled.

The property at issue is identified as Block 39, Lot 1 ("Subject"). It is improved with a church building, and is located in defendant taxing district ("Borough").[2]

For tax years 2022 and 2023, the Borough's assessor granted local property tax exemption to the Subject. Thus, the Subject was classified as 15D. See N.J.A.C. 18:12-2.2(o) ("Class 15D: 'Church and Charitable Property' means real property

---

[2] GNJUMC also owns two other parcels, Lot 15 and Lot 16 in Block 39, which are not at issue in this motion.

owned by religious and charitable organizations actually used in the work of the organizations").

On September 12, 2022, the assessor's office sent to a letter to Stratford Methodist Church,[3] requesting that it complete and return the enclosed "Further Statement" form for the continuation of the Subject's tax exemption. The letter, which was sent by certified mail, return receipt requested, asked that the Further Statement to be returned by November 1, else the exemption would be discontinued. The letter's receipt was acknowledged by a Pastor Wecht. However, the Borough's assessor did not receive the Further Statement.

Thereafter, by letter of June 1, 2023, the Borough's assessor sent a notice of omitted assessment on the Subject for tax year 2022 and an added assessment for tax year 2023, "the period of time [plaintiff] owned the property in 2022 and 2023 while it was exempt from taxation" to Stratford Methodist Church. The letter stated that "[a]fter a review of the assessment record, it has been determined that not every condition required by [N.J.S.A.] 54:4-4.4, has been fully satisfied, such as: OCCUPIED FOR THE INTENDED USE." The letter added that plaintiff could appeal the omitted and added assessments, which would be filed on October 1, 2023, before the County Board.

---

[3] As noted above, due to the "in trust" provisions of the Discipline, references to Stratford Methodist Church are deemed here as references to GNJUMC.

On December 1, 2023, GNJMUC filed a petition to the County Board as to tax year 2023, contending that the "assessed value" of $632,000 (prorated for 12 months) was "incorrect" as was the "revocation of tax exempt status."

By judgment dated December 12, 2023, the County Board issued a judgment coded 14A (which stands for "Added Assessment Affirmed - As filed by assessor") thus, did not change the amount of the assessment ($632,000, allocated $56,000 to land and $576,000 to improvements, and prorated for twelve months).[4]

On January 31, 2024, GNJMUC filed an appeal to this court from the County Board's judgment. It alleged that it owned the Subject for 2022 and "part of 2023" therefore, the current owner, the Pure Land Buddhist Association, Inc., "joins in this complaint for the period of time it owned the" Subject. The complaint alleged that the assessor imposed a 2022 omitted and a 2023 added assessment, and voided the exemption since the "property was not occupied for the intended use."

On December 20, 2024, GNJMUC filed a motion for partial summary judgment seeking entry of an Order granting tax exemption to the Subject for tax years 2022 and 2023. The motion included the certification of its Chief Financial Officer/Treasurer who explained why GNJMUC owned the Subject (the "in trust" provision). He stated that the Subject was sold to The Pure Buddhist Association,

_____

[4] The County Board issued three separate judgments for Lots 1, 15, and 16. Each was coded 14A. As noted earlier, Lots 15 and 16 are not at issue here.

4

Inc., a non-profit organization on August 1, 2023. The sale deed reflected the consideration as $540,000 (for all three lots 1, 15, and 16). Prior to the sale, and "since January 2023," he certified, the Subject "was no longer used as an active house of worship" but "was still used exclusively for religious purposes," which was the storage of religious artifacts and items such as, for instance, crosses, pulpits, library, and musical instruments. These items, he stated, were delicate and of religious significance, therefore, were stored at the Subject as opposed to elsewhere.

The Borough opposed the motion contending that the matter was not ripe for summary judgment because there were undetermined material issues as to (a) "timely submission of the Further Statement" and (b) the Subject's use. The Borough's "responding statement of material facts" recited the assessor's actions (request for a Further Statement, acknowledgment of the request by Pastor, and notice imposing an omitted and added assessments for tax years 2022 and 2023 respectively, duly certified by the assessor) and concluded that discovery was incomplete and "no facts have been determined regarding the usage of the [Subject] during the time period in question." The Borough argued that (a) the Subject was not entitled to exemption for failure to file the Further Statement, and (b) without discovery exchange, "substantial support . . . for the claims made" or testimony, GNJMUC's motion was premature. During oral argument, counsel advised the court

that the GNJMUC had propounded interrogatories which the Borough had yet to answer, but no other discovery was initiated, completed, or in progress.

In response, GNJMUC provided a copy of the Further Statement dated January 30, 2023, which it claimed to have been submitted to the Borough's assessor.[5] It argued that none of its recited material statement of facts was disputed, therefore, it should be granted summary judgment as of right.

At the court's direction, parties briefed the impact of Borough of Red Bank v. RMC-Meridian Health, 30 N.J. Tax 551 (Tax 2018) since that case addressed the propriety of revoking an already-granted tax exemption for a particular tax year by imposing an added assessment for the tax year at issue, and omitted assessments for the prior two tax years. At the court's direction, the Borough also filed its previously omitted response to GNJUMC's Statement of Facts and its counterstatement of Facts. In the counterstatement, the Borough alleged that on or about June 13, 2023, GNJUMC wrote to the assessor that the Subject "was used to store religious artifacts beginning in January 2023, but "no proofs were provided with this correspondence." GNJUMC did not dispute the assertion that it had sent a letter dated June 13, 2023 to the assessor.

---

[5] A review of the form shows that it is a Further Statement. It instructs that it be filed by November 1 every three years; asks for information about the "Exempt Property Location in New Jersey for which continued exemption is claimed;" and asks whether the property is being "used for originally stated purposes of the claimant organization." GNJMUC replied "yes" to the last question.

**ANALYSIS**

A. *Further Statement for Continuing Exemption*

Under N.J.S.A. 54:4-4.4, an assessor should procure an "initial statement" from a property owner seeking local property tax exemption, "showing the right to the exemption claimed. After obtaining this statement, the assessor should "not later than November 1 of every third succeeding year . . . obtain a further statement under oath from each owner of real property for which tax exemption is claimed." Ibid. The assessor, however, can "at any time inquire into the right of a claimant to the continuance of an exemption hereunder and for that purpose he may require the filing of a further statement, or the submission of such proof as [deemed] necessary to determine the right of the claimant to continuance of the exemption." Ibid.

The failure to file a Further Statement does not render the property ineligible for tax exemption. Emanuel Missionary Baptist Church v. Newark City, 1 N.J. Tax 264, 268 (Tax 1980) (the statement filing requirement in N.J.S.A. 54:4-4.4 cannot be construed to mean that it "is a condition precedent to the allowance of an exemption under N.J.S.A. 54:4-3.6" and the substantive requirements of the latter statute to be eligible for tax exemption cannot cede to the procedural requirements of N.J.S.A. 54:4-4.4 which "merely provides for the monitoring and verification of exemption claims by the assessor, with the triennial statement serving as the basic audit document"). Therefore, the Borough's opposition to the motion on grounds

7

the Subject was not entitled to exemption for GNJUMC's failure to file the Further Statement, should fail.

However, grant of summary judgment is inappropriate because it appears that the assessor imposed the added assessment after "a review of the assessment record" that allegedly showed the Subject was not being "occupied for the intended use." Under N.J.S.A. 54:4-4.4, a Further Statement must inquire "[w]hether there has been any change of use of any of such property initially determined as being entitled to exemption during any three-year period . . . which would defeat the right of exemption therein." Thus, it may be that the assessor's determination for revoking the Subject's exemption was substantive (Subject's use), not procedural (failure to file a Further Statement).

### B. Subject's Use

"It is axiomatic that ordinarily October 1 of the pretax year is the controlling date to determine whether a property will be exempt from taxes." Schizophrenia Foundation of New Jersey v. Montgomery Twp., 6 N.J. Tax 439, 441- 42 (App. Div. 1984) (citations omitted). Thus, "absent a statute to the contrary, property is assessable or exempt with reference only to its ownership and use on October 1 of the pretax year." Emanuel, 1 N.J. Tax at 268.

However, if property's "right to . . . exemption ceases by reason of a change in use or ownership of such property, the same shall be assessable as omitted

property" by the imposition of a proportionate added assessment. N.J.S.A. 54:4-63.26 to 4-63.28. These statutes "insure that the benefit of an exemption does not continue when property is conveyed from an exempt owner to a nonexempt owner." Bethany Baptist Church v. Deptford Twp., 225 N.J. Super. 355, 360 (App. Div. 1988). See also Emanuel, 1 N.J. Tax at 268 (the general rule that the October 1 assessment date controls as to a property's exempt status is "modified by statute with respect to the transfer of property from an exempt to a nonexempt owner" (citing N.J.S.A. 54:4-63.26 - 63.28)).

In Borough of Red Bank, this court ruled that imposing omitted and added assessments on a property determined as tax exempt as of the October 1 assessment date, was improper where there was no demonstrable change in use or when there was no change in ownership. 30 N.J. Tax at 563. In the absence of either, the taxing district should have appealed the tax exemption by the statutory deadline line for the tax year at issue. Id. at 564. See also Emanuel, 1 N.J. Tax at 269 (N.J.S.A. 54:4-63.26 and "its companion, N.J.S.A. 54:4-63.28, deal with the consequences of a loss of exemption by reason of a change in use or ownership during the tax year. It does not purport to deal with circumstances giving rise to the loss of exemption in the first instance.").

Here, the assessor granted tax exemption to the Subject as of October 1, 2022, for tax year 2023. At this time, the Subject was owned by a religious organization

and was being used for religious purposes. The record before the court does not show that the assessor knew of any facts as to the continued tax-exempt use when he sent his June 1, 2023, letter advising GNJUMC of his decision to impose an added assessment for 2023.[6]

However, unlike in Borough of Red Bank, here, the assessor was notified by GNJUMC on June 13, 2023, that the Subject was being used to store religious items beginning January 2023. The added assessment was imposed thereafter (which GNJUMC challenged on December 1, 2023, before the County Board). Thus, in contrast to the facts in Borough of Red Bank, the assessor here did have additional information as to the Subject's use prior to imposing the added assessment under N.J.S.A. 54:4-63.28. Consequently, the holding in Borough of Red Bank is not the appropriate basis for voiding the added assessment.

The court agrees with the Borough it is entitled to discovery on GNJUMC's assertions that the Subject was used for storing religious artifacts for and during tax year 2023. GNJUMC's argument that since its statement of material facts as to the Subject's use, were uncontested, it is entitled to summary judgment is misplaced. Rather, as the non-movant, all reasonable inferences should be construed in favor of the Borough. R. 4:46-2(c). Here, that would be the Borough's issue of inadequate

---

[6] Since the Subject sold in August of 2023, the assessor could not have used the sale as a reason to implicate N.J.S.A. 54:4-63.28.

discovery as to Subject's use, which should prevent the court from granting summary judgment in GNJUMC's favor.[7]

The court agrees with GNJUMC that pursuant to well-settled precedent, storage of religious artifacts qualifies as tax-exempt use (use for religious purposes). See Borough of Hamburg v. Trustees of Presbytery of Newton, 28 N.J. Tax 311, 319 (Tax 2015) ("storage of documents and artifacts of a religious nature or related to the operation of the church should be deemed a religious purpose consistent with the exemption" under N.J.S.A. 54:4-3.6) (citation omitted). However, it will not decide the legal issue at this juncture without providing the Borough the opportunity to conduct discovery as to the Subject's use from January 2023.

**CONCLUSION**

For the above reasons, the court denies GNJUMC's motion for partial summary judgment without prejudice only as to tax year 2023.[8] Because the complaint and answer was filed over a year ago (January 31, 2024), and the Borough

---

[7] In this connection, the court rejects the Borough's opposition to the motion on grounds it needs discovery on the issue of "timely submission of the Further Statement." The lack of a Further Statement cannot prevent continuation of an initially granted tax exemption.

[8] GNJUMC's motion involving the omitted assessment for tax year 2022 is kept pending until the court is provided copies of the County Board's judgment, to ensure this court's jurisdiction is properly exercised. This opinion's conclusion and reasoning should therefore not be deemed to apply to the omitted assessment imposed on the Subject for tax year 2022.

had not yet responded to GNJUMC's request for answers to its interrogatories, the court will require that all discovery, including depositions, should be <u>completed</u> (i.e., not commenced) within 90 days of the date of its Order accompanying this opinion.

_____/s/ Mala Sundar_____
Hon. Mala Sundar, P.J.T.C.
