**NOT FOR PUBLICATION WITHOUT APPROVAL OF**
**THE TAX COURT COMMITTEE ON OPINIONS**

**TAX COURT OF NEW JERSEY**



**MALA SUNDAR**
**PRESIDING JUDGE**

Richard J. Hughes Justice Complex
P.O. Box 975
Trenton, New Jersey 08625-0975
609 815-2922, Ext. 54630 Fax 609 376-3018

August 22, 2025

Fredric L. Shenkman, Esq.
Cooper Levenson, P.A.
Attorney for Plaintiff

Justin M. Strausser, Esq.
The Platt Law Group, P.C.
Jeffrey M. Brennan, Esq.[1]
Baron & Brennan, P.A.
Attorneys for Defendant

      Re:    Greater New Jersey Annual Conference of the United
             Methodist Church v. Borough of Stratford
             <u>Docket No. 000354-2024 (2022 Omitted Assessment)</u>

Dear Counsel:

This opinion decides plaintiff's partial summary judgment motion seeking an

Order to reverse the judgment of the Camden County Board of Taxation ("County

Board") which affirmed the omitted assessment for tax year 2022 that was imposed

by defendant's assessor on plaintiff's property which had been provided tax

exemption for tax years 2024 and prior. The assessor denied the exemption in 2023

on grounds plaintiff did not file a Further Statement for tax exemption, and because

---

[1] On June 9, 2025, Baron & Brennan, P.A., substituted in as counsel for the Borough, thus, after parties had completed briefing and oral arguments as to the instant motion.

the property was not being used for religious purposes. He therefore imposed an omitted assessment on the property.[2] Defendant, the Borough of Stratford ("Borough") opposed the motion as premature since discovery is incomplete.

For the reasons stated below, and based on the court's opinion in Borough of Red Bank v. RMC-Meridian Health, 30 N.J. Tax 551 (Tax 2018), the court grants plaintiff's motion.

**FACTS**

The facts are the same as contained in the prior opinion dated May 30, 2025. Briefly, plaintiff, the Greater New Jersey Annual Conference of the United Methodist Church ("GNJUMC") is organized exclusively for religious purposes. It is exempt from federal income tax under I.R.C. § 501(c). It is also a recognized religious entity under N.J.S.A. 16:10A-1.

The property at issue is identified as Block 39, Lot 1 ("Subject"), and is located in the Borough. It is improved with a church building.[3]

The Borough's assessor had previously granted tax exemption to the Subject for tax year 2022, thus it was classified as 15D. See N.J.A.C. 18:12-2.2(o) ("Class

---

[2] The assessor also imposed an added assessment for tax year 2023 for the same reason. In a prior letter opinion dated May 30, 2025, this court denied plaintiff's motion for partial summary judgment as to the added assessment.

[3] GNJUMC also owns two other parcels, Lot 15 and Lot 16 in Block 39, which are not at issue in this motion.

15D: 'Church and Charitable Property' means real property owned by religious and charitable organizations actually used in the work of the organizations").

Almost one year after the October 1, 2021, assessment date for tax year 2022, the assessor, by letter of September 12, 2022, asked GNJUMC to complete and return the Further Statement form for the continuation of the Subject's tax exemption. The letter noted that failure to send the form would entail loss of the tax exemption. The letter's receipt was acknowledged by a Pastor Wecht, but went unanswered.

Thereafter, by letter of June 1, 2023, the assessor sent a notice of omitted assessment on the Subject for tax year 2022 and an added assessment for tax year 2023, "the period of time [plaintiff] owned the property in 2022 and 2023 while it was exempt from taxation." The letter stated that "[a]fter a review of the assessment record, it has been determined that not every condition required by [N.J.S.A.] 54:4-4.4, has been fully satisfied, such as: OCCUPIED FOR THE INTENDED USE." The letter added that plaintiff could appeal the omitted and added assessments, which would be filed on October 1, 2023, before the County Board.

GNJUMC duly petitioned the County Board contending that the "assessed value" of $632,000 was "incorrect" as was the revocation of the Subject's tax-exempt status. The County Board's judgment affirmed the imposed added and

3

omitted assessments, thus, did not change the amount of the assessment.[4] GNJUMC timely appealed the same to this court, and subsequently filed the instant motion for partial summary judgment seeking entry of an Order granting tax exemption to the Subject.

In support of the motion, GNJUMC's Chief Financial Officer/Treasurer certified that the Subject was sold on August 1, 2023, to The Pure Buddhist Association, Inc., a non-profit organization.[5] Prior to the sale, and "since January 2023," the Subject "was no longer used as an active house of worship," however, it "was still used exclusively for religious purposes," which was the storage of religious artifacts and items.

The Borough opposed the motion contending that the matter was not ripe for summary judgment because there were undetermined material issues as to (a) "timely submission of the Further Statement" and (b) the Subject's use. The Borough's "responding statement of material facts" recited the assessor's actions leading to the imposition of the assessment at issue, and concluded that "no facts have been determined regarding the usage of the [Subject] during the time period in question." The Borough argued that (a) the Subject was not entitled to exemption

---

[4] The County Board issued three separate judgments for Lots 1, 15, and 16. As noted earlier, Lots 15 and 16 are not at issue here.

[5] The sale deed reflected the consideration as $540,000 (for all three lots 1, 15, and 16)

4

for failure to file the Further Statement, and (b) without discovery exchange, "substantial support . . . for the claims made" or testimony, GNJUMC's motion was premature. During oral argument, counsel advised the court that the GNJUMC had propounded interrogatories which the Borough had yet to answer, but no other discovery was initiated, completed, or in progress.

In response, GNJUMC provided a copy of the Further Statement dated January 30, 2023, that it claimed had been submitted to the Borough's assessor.[6] It argued that none of its recited material statement of facts was disputed, therefore, it should be granted summary judgment as of right.[7]

At the court's direction, parties briefed the impact of Borough of Red Bank since that case addressed the propriety of imposing omitted assessments for the prior two tax years resulting from a revocation of an already-granted tax exemption for the tax year at issue.

---

[6] GNJUMC responded "yes" to the question on the Further Statement whether the property is being "used for originally stated purposes of the claimant organization." The Borough did not contest the provision of this document.

[7] The Borough later filed Counterstatement of Facts alleging that on or about June 13, 2023, GNJUMC wrote to the assessor that the Subject "was used to store religious artifacts beginning in January 2023," but "no proofs were provided with this correspondence." GNJUMC did not dispute this allegation.

**ANALYSIS**

Summary judgment will be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c); Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995).

Here, the only legal issue is whether the omitted assessment for tax year 2022 is legally valid, i.e., permitted to be imposed by law. Therefore, the matter can be disposed of by way of summary judgment.

*A. Further Statement for Continuing Exemption*

Under N.J.S.A. 54:4-4.4, an assessor should procure an "initial statement" from a property owner seeking local property tax exemption, "showing the right to the exemption claimed. After obtaining this statement, the assessor should "not later than November 1 of every third succeeding year . . . obtain a further statement under oath from each owner of real property for which tax exemption is claimed." Ibid. The assessor, however, can "at any time inquire into the right of a claimant to the continuance of an exemption hereunder and for that purpose he may require the filing of a further statement, or the submission of such proof as [deemed] necessary to determine the right of the claimant to continuance of the exemption." Ibid.

6

The failure to file a Further Statement does not render the property ineligible for tax exemption. Emanuel Missionary Baptist Church v. Newark City, 1 N.J. Tax 264, 268 (Tax 1980) (the statement filing requirement in N.J.S.A. 54:4-4.4 cannot be construed to mean that it "is a condition precedent to the allowance of an exemption under N.J.S.A. 54:4-3.6" and the substantive requirements of the latter statute to be eligible for tax exemption cannot cede to the procedural requirements of N.J.S.A. 54:4-4.4 which "merely provides for the monitoring and verification of exemption claims by the assessor, with the triennial statement serving as the basic audit document").

The court therefore rejects the Borough's argument that it needs discovery on the issue of "timely submission of the Further Statement." The lack of a Further Statement cannot prevent the continuation of an initially granted tax exemption. See also n.6. Therefore, the Borough's opposition to the motion on grounds the Subject was not entitled to exemption for GNJUMC's failure to file the Further Statement, should fail.

B. *Change in Subject's Use*

"It is axiomatic that ordinarily October 1 of the pretax year is the controlling date to determine whether a property will be exempt from taxes." Schizophrenia Foundation of New Jersey v. Montgomery Twp., 6 N.J. Tax 439, 441- 42 (App. Div. 1984) (citations omitted). Thus, "absent a statute to the contrary, property is

assessable or exempt with reference only to its ownership and use on October 1 of the pretax year." Emanuel, 1 N.J. Tax at 268.

However, if property's "right to . . . exemption ceases by reason of a change in use or ownership of such property, the same shall be assessable as omitted property" by the imposition of a proportionate added assessment. N.J.S.A. 54:4-63.26 to -63.28. These statutes "insure that the benefit of an exemption does not continue when property is conveyed from an exempt owner to a nonexempt owner." Bethany Baptist Church v. Deptford Twp., 225 N.J. Super. 355, 360 (App. Div. 1988). See also Emanuel, 1 N.J. Tax at 268 (the general rule that the October 1 assessment date controls as to a property's exempt status is "modified by statute with respect to the transfer of property from an exempt to a nonexempt owner" (citing N.J.S.A. 54:4-63.26 - 63.28)).

In Borough of Red Bank, this court ruled that imposing omitted and/or added assessments for prior tax years, on a property determined as tax exempt as of the October 1 assessment date, was improper where there was no demonstrable change in use or when there was no change in ownership. 30 N.J. Tax at 563. The "plain reading of the" provisions of N.J.S.A. 54:4-63.26 et seq., "does not support imposition of an assessment in a tax year other than the year in which the exemption ceased," and where N.J.S.A. 54:4-63.28 "ties the period of assessment to the time the exemption ceased does not incorporate, or reference," the phrase "in the next

succeeding year" which is used in the general omitted assessment law. Id. at 568. See also Freehold Twp. v. Centrastate Healthcare Services, Inc., 32 N.J. Tax 103, 108 (Tax 2021) ("restoring tax-exempt property which ceases to be exempt to the tax rolls, is governed solely by the methodical statutory scheme set forth in N.J.S.A. 54:4-63.26 to -63.30 . . . and not the general omitted assessment law, N.J.S.A. 54:4-63.12 to -63.25, and N.J.S.A. 54:4-63.31 to -63.40"); 18 Washington Place Associates v. Newark City, 8 N.J. Tax 608, 612 (Tax 1986) ("the exclusive method for restoring previously exempt property to the tax rolls as a result of a mid-year change in ownership or use is . . . N.J.S.A. 54:4-63.26 through -63.30") (emphasis added); Emanuel, 1 N.J. Tax at 269 (N.J.S.A. 54:4-63.26 and "its companion, N.J.S.A. 54:4-63.28, deal with the consequences of a loss of exemption by reason of a change in use or ownership during the tax year. It does not purport to deal with circumstances giving rise to the loss of exemption in the first instance.") (emphasis added).

Here, the assessor granted tax exemption to the Subject as of October 1, 2021, for tax year 2022. At this time, the Subject was owned by GNJUMC, a religious organization, and was being used for religious purposes. There is nothing to show that the assessor knew or was aware of any facts that would jeopardize the Subject's

tax-exempt use as to tax year 2022, when he sent his June 1, 2023, letter, almost one-and-a-half years after the assessment date of October 1, 2021.[8]

Thus, the instant matter aligns with the holding in <u>Borough of Red Bank</u>. Consequently, the imposition of the omitted assessment for tax year 2022 is invalid. The proper course would have been for the taxing district to appeal its assessor's grant of tax exemption. <u>See</u> <u>Freehold Twp.</u>, 32 N.J. Tax at 120 ("If an assessor fails to restore a tax-exempt property to the tax list" according to provisions in N.J.S.A. 54:4-63.26 through -63.30, "the sole remedy for the taxing district is to file timely appeal[] under N.J.S.A. 54:3-21, just as it would be for a taxpayer if its property is denied a tax exemption"). It did not. It now cannot through a backdoor resort to the general omitted assessment law, N.J.S.A. 54:4-63.12 <u>et seq.</u>, N.J.S.A. 54:4-63.31 <u>et seq.</u>

**CONCLUSION**

For the above reasons, the court grants GNJUMC's motion for partial summary judgment and holds that the omitted assessment for tax year 2022 is invalid. An Order reflecting this conclusion will accompany this opinion.

/s/ Mala Sundar
Hon. Mala Sundar, P.J.T.C.

---

[8] Since the Subject sold in August of 2023, the assessor could not have used the sale as a reason to implicate N.J.S.A. 54:4-63.28.