247 N.J. Super. 215 (1991)
588 A.2d 1262
CITY OF HOBOKEN, PLAINTIFF-APPELLANT,
v.
TRUSTEES OF STEVENS INSTITUTE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 11, 1991.
Decided April 2, 1991.
*216 Before Judges J.H. COLEMAN and DREIER.
Philip Elberg argued the cause for appellant (Medvin & Elberg, attorneys; Philip Elberg on the brief).
Edward G. Rosenblum argued the cause for respondent (Rosenblum & Rosenblum, attorneys; Edward G. Rosenblum on the brief).
PER CURIAM.
This appeal requires us to decide whether Stevens Institute of Technology's local property tax exemption, pursuant to N.J.S.A. 54:4-3.6, should be terminated based upon its execution of a ground lease of the subject property to a private corporation for noneducational purposes. The City of Hoboken terminated the exemption effective July 1, 1988. The Hudson County *217 Board of Taxation reinstated the exemption. In allowing the reinstatement the Tax Court also concluded that the lease did not terminate the exemption. Hoboken has appealed and we now affirm.
The property in question is owned by the institution and consists of 13 acres, 10 of which are riparian and 3 acres are upland. The institution's physical plant building and a building used to test plumbing are located on a portion of the three acres. Both of the buildings on the 13 acre tract are used exclusively for educational purposes. The institution enjoyed a local property tax exemption on the entire 13 acre tract for a substantial period prior to 1988.
On January 1, 1987, the institution entered into a conditional 95 year ground lease of the 13 acres to a private corporation. The ground lease was subject to obtaining approval from certain municipal bodies to construct a 600,000 square foot high rise office building. The lessee agreed to construct a new physical plant building for the institution on another site at the lessee's expense and that the institution would continue to have use and occupancy of the 13 acres, including the two buildings, pending completion of the new physical plant building. We were informed at oral argument that the lease was cancelled in September 1989. That, however, does not moot the appeal.
The issue before the Tax Court was whether the institution was entitled to the exemption for both the 13 acres and the physical plant buildings. The Tax Court recognized that a continuation of the tax exempt status is contingent upon the confluence of use of the two buildings and ownership of the entire 13 acres and concluded that the lease changed "neither the use nor the ownership of the subject property." Hoboken v. Stevens Inst. Trust., 11 N.J. Tax 70, 74 (1990).
The legislative enactment which controls the exemption is N.J.S.A. 54:4-3.6 which provides, in pertinent part, that:
The following property shall be exempt from taxation under this chapter: All buildings actually used for colleges, schools, academies or seminaries, provided that if any portion of such buildings are [sic] leased to profit-making *218 organizations or otherwise used for purposes which are not themselves exempt from taxation, said portion shall be subject to taxation and the remaining portion only shall be exempt; ... the land whereon any of the buildings hereinbefore mentioned are erected and which may be necessary for the fair enjoyment thereof, and which is devoted to the purposes above mentioned and to no other purpose and does not exceed five acres in extent. [Emphasis added].
Hoboken argued below, as well as on this appeal, that under the above statute, the mere execution of the lease terminated the exemption to the land and the two buildings covered by the lease. The Tax Court held that the lease did not terminate the exemption with respect to the buildings. We affirm that determination substantially for the reasons expressed in the published Tax Court opinion. Thus the sole issue remaining is whether the lease terminated the exemption for the land.
On this appeal, Hoboken contends that although the buildings uses may not have changed, the execution of the lease indicates the land is not necessary for educational purposes. Hoboken argues that the Tax Court decided only that the buildings are exempt and even if that decision is correct, that portion of the assessment applicable to the land  87% of the assessed value  should not be entitled to the exemption. The institution counters by asserting that N.J.S.A. 54:4-3.6 requires that the land be necessary for the fair enjoyment of the buildings on the campus as a unified whole rather than a particular building.
By implication at least, the Tax Court found that the institution's continued use of the land and the buildings during the period the lease remained executory was sufficient to preclude termination of the exemption as to the land as well. This was consistent with the observation made in Boys' Club of Clifton, Inc. v. Township of Jefferson, 72 N.J. 389, 399, 371 A.2d 22 (1977), that under N.J.S.A. 54:4-3.6, "the statutory language and its intent are directed to the physical use of the property." Under the statute, "the land whereon any of the [college or school] buildings ... are erected, and which may be necessary for the fair enjoyment [of the college or school] ..., and which is devoted to the [educational] purposes ..." is exempt. It is undisputed that during the executory lease, the institution *219 continued to enjoy the physical use of both the buildings and the land.
The statutory requirement of "necessary for the fair enjoyment" has been interpreted as referring to the use of the building and "to what is reasonably necessary to accomplish the institution's purposes." Boys Club, supra, 72 N.J. at 401, 371 A.2d 22. "The institution's purposes" contemplate the entire campus as a whole rather than a composite of unrelated individual buildings. Id. at 401-403, 371 A.2d 22; Fairleigh Dickinson Univ. v. Florham Park Borough, 5 N.J. Tax 343, 355-356 (Tax Ct. 1983). We conclude, therefore, that the entire 13 acres were used for and were reasonably necessary to accomplish the institution's educational purposes. "These purposes are accomplished both in the classroom and through the natural environment of the campus." Ibid. The executory lease in no way interfered with the institution's continued use of the land for its educational purposes.
The tax exemption involved here is affirmed.