CRABTREE, J.T.C.
This is a local property tax case wherein plaintiff seeks review of 1990 and 1992 judgments of the Essex County Board of Taxation granting exemption to defendant’s property located at 540 Prospect Avenue, West Orange, New Jersey (Block 82.03, Lots 22, 27 and 36).
The property in question consists of three contiguous parcels. Lot 36, on the comer of Prospect Avenue and Mt. Pleasant Avenue, contains 4.382 wooded acres with a shack in one corner utilized by defendant for storage; Lot 27, containing 6.71 acres, adjoins Lot 36; Lot 22 contains 3.82 acres and adjoins Lot 27. Four buildings are located on Lot 27. Those buildings, at all times pertinent hereto, were used and occupied by Playhouse Nursery School, a nonprofit corporation exempt from federal taxation pursuant to § 501(c)(3) of the Internal Revenue Code, in the conduct of a nursery school for children aged 2% to 5$ years.
The buildings are attached and form a block U. The long rectangular building fronting on Prospect Avenue contains classrooms. The long rectangular structures attached to that building at right angles to it contain classrooms and storage areas used by the nursery school. Playground equipment is located in the courtyard formed by the angles of the buildings just described.
*51 Children attending the nursery school play in all three lots; activities which are part of the school program, such as nature walks, are conducted on Lots 36 and 22.
Defendant is an Orthodox Hebrew day school located in West Caldwell, New Jersey, where it conducts daily classes for approximately 400 children from pre-kindergarten through eighth grade. Like the Playhouse Nursery School, it is a nonprofit corporation enjoying an exemption from federal taxation pursuant to § 501(c)(3) of the Internal Revenue Code.
Defendant acquired the subject property in 1987 with the intention of constructing and operating a Hebrew day school thereon. Defendant has applied to plaintiff municipality for site-plan approval but the latter has taken no action on the application.
The nursery school has been in operation on the site for many years prior to 1987 and it continues to use and occupy the property pursuant to a written lease with defendant, which has agreed to give the nursery school at least six months’ notice of termination of the lease.
Defendant did not file the initial statement contemplated by N.J.SA 54:4-4.4 until May 1992.
The relevant statute pursuant to which defendant claims exemption is N.J.S.A. 54:4-3.6, the applicable provisions of which are as follows:
The following properly shall be exempt from taxation under this Chapter: All buildings actually used for colleges, schools, academies or seminaries, provided that if any portion of any such buildings are [sic ] leased to profit-making organizations or otherwise used for purposes which are not themselves exempt from taxation, said portion shall be subject to taxation and the remaining portion only shall be exempt; ... the land whereon any of the buildings hereinbefore mentioned are erected, and which may be necessary for the fair enjoyment thereof, and which is devoted to the purposes above mentioned and to no other purpose and does not exceed five acres in extent; ... provided, in case of all the foregoing, the buildings, or the lands on which they stand, or the association, corporations or institutions using and occupying them as aforesaid, are not conducted for profit____
It is a settled principle in this State that all property must bear its just share of the public burden of taxation and, thus, *52 statutes granting exemption from this burden are strongly construed against those claiming exemption. Princeton Univ. Press v. Princeton, 35 N.J. 209, 172 A.2d 420 (1961); Fairleigh Dickinson Univ. v. Florham Park, 5 N.J. Tax 343 (Tax 1983). The burden of proving tax-exempt status is always upon the claimant, even when, as in this case, the taxing district initiates the action in this court to overturn a county board judgment. Weymouth Tp. v. Memorial Park Family Practice Center, Inc., 7 N.J. Tax 589 (Tax 1985); Hoboken v. Trustees of Stevens Institute 11 N.J. Tax 70 (Tax 1990), aff'd per curiam, 247 N.J.Super. 215, 588 A.2d 1262 (App.Div.1991), certif. den. 126 N.J. 336, 598 A.2d 893 (1991). This principle of strict construction, however, does not justify distorting the statutory language or the legislative intent. Boys’ Club of Clifton, Inc. v. Jefferson Tp., 72 N.J. 389, 398, 371 A.2d 22 (1977); Princeton Tp. v. Tenacre Foundation, 69 N.J.Super. 559, 174 A.2d 601 (App.Div.1961).
From the credible evidence I conclude that Playhouse Nursery School, a nonprofit organization exempt from federal tax pursuant to § 501(c)(3) of the Internal Revenue Code, is a “school” or “academy” within the contemplation of N.J.S.A 54A-3.6, quoted above, and that its use and occupancy of the buildings on the subject property qualify the latter for exemption under the statute. The fact that Playhouse Nursery School is a tenant, not the owner, is irrelevant. It is the use of property, not the status or character of its owner, that determines entitlement to exemption from local property tax. N.J. Turnpike Authority v. Washington Tp., 16 N.J. 38, 106 A.2d 4 (1954); Emanuel Missionary Baptist Church v. Newark, 1 N.J. Tax 264 (Tax 1980). See Teaneck Tp. v. Lutheran Bible Institute, 20 N.J. 86, 90, 118 A.2d 809 (1955).
As the Superior Court, Appellate Division stated in Ironbound Educational & Cultural Center, Inc. v. Newark, 220 N.J.Super. 346, 532 A.2d 258 (App.Div.1987), certif. den., 110 N.J. 200, 540 A.2d 192 (1988):
Merely because an association leases out a portion of its property does not necessarily mean that it is no longer exclusively used for one of the purposes *53 enumerated in N.J.S.A. 54:4r-3.6____ If the property being leased is not used for a purpose enumerated in the act, then the corporation or association loses its tax exempt status. However, if the property leased is used for one of the purposes in the act, then the lessor-corporation is entitled to maintain its exemption and the lessee shoulders the tax burden.” [220 N.J.Super. at 352, 532 A.2d 258].
The only difference between Ironbound and the instant case, in the context of this analysis, is that here, the entire property is used and occupied by one other than the owner, whereas, in Ironbound, 35 percent of the subject property was leased to another, with the balance occupied by the owner claiming exempt status.
To the extent that defendant’s ownership of the property may be relevant, it should be noted that defendant, like the nursery school, is a nonprofit school or academy within the purview of N.J.S.A 54:4-3.6 and, again, like the nursery school, it is exempt from federal tax by virtue of § 501(e)(3) of the Internal Revenue Code. Our Supreme Court has held that, while an educational institution need not be charitable or philanthropic in character, it must be a nonprofit organization to qualify for tax exemption. The Kimberley School v. Montclair, 2 N.J. 28, 65 A.2d 500 (1949).
The next issue to be resolved is the quantum of land covered by the exemption. The facts as found above indicate that there are at least four buildings on the subject property. The exemption statute involved, N.J.S.A. 54:4r-3.6, has been construed to extend the exemption to five acres multiplied by the number of buildings. Boys’ Club of Clifton, Inc. v. Jefferson Tp., supra; Fairleigh Dickinson Univ. v. Florham Park, supra. Thus, as the total area of the three lots is less than 16 acres, the total land area is also exempt if the land is “necessary for the fair enjoyment” of the buildings within the purview of the exemption statute. As this court observed in Fairleigh Dickinson, “fair enjoyment” has consistently been equated with “use” and to be considered “necessary” land need not be indispensable to the exempt buildings so long as it is “reasonably necessary” to accomplish the purposes of *54 the organization putting the property to one or more qualified uses. 5 N.J. Tax at 355 (citing the Boys’ Club case).
The credible evidence shows that the entire land area is used by the nursery school for a playground and for activities conducted by the school for the children in attendance. I therefore find that the entire land area of the three subject lots is necessary for the fair enjoyment of the buildings within the contemplation of the exemption statute.
Finally, plaintiff argues that defendant’s failure to comply with N.J.S.A 54:4-4.4 requiring an exempt organization to file a triennial statement with the assessor, bars its claim to exemption. This argument is without merit. Filing of the statement required by N.J.S A 54:4-4.4 is not a condition precedent to exemption under N.J.SA 54:4-3.6. Put another way, the failure to file the triennial statement has no effect upon the claimant’s entitlement to exemption. Atlantic Cty. New School, Inc. v. Pleasantville, 2 N.J.Tax 192 (Tax 1981).
Judgment will be entered affirming the 1990 and 1992 judgments of the Essex County Board of Taxation.