SMALL, J.T.C.
By opinion dated June 7, 1997, the Superior Court, Appellate Division, remanded this matter to the Tax Court with the following instructions:
Therefore, we remand this matter to the Tax Court for a plenary trial to determine the Church’s eligibility for a tax exemption. If the Church is found eligible, the Tax Court shall determine the appropriate tax years when the exemption applied. If the Tax Court orders tax exempt status to the Church that affects the judgment of foreclosure in this matter in the General Equity Part, the Church may move for relief from that judgment. B. 4:50-1.
A hearing was held on November 6, 1997, pursuant to that remand.
I heard five witnesses: Jesse McKinney, the “Church Mother” Phyllis Goodwin, the wife of the pastor; Deacon Powell Adams; Reverend Richard Goodwin, the pastor; and Shelley Bell, a member of the church. Their testimony was that from the time the property was acquired in 1987, the activities conducted at the *105 church were church activities — prayer meetings, Sunday school, noonday prayer, morning prayer, occasional dinners, Bible classes, and Wednesday night prayer. One additional activity took place at the church. A day-care center was opened sometime in 1998 or 1994. The testimony was general in nature, and there were no specific citations of days and times when activities took place. Cross-examination was limited, and there were no witnesses to contradict the statements of the witnesses for the church. Accordingly, based on that testimony, I find, as I indicated at the conclusion of the trial, that the foregoing activities, coupled with the parties’ stipulation that the Apostolic Church of Deliverance was a qualified tax-exempt entity under N.J.S.A 54:4-3.6, would qualify as appropriate use under N.J.S.A. 54:4-3.6 for tax exemption.
It should be noted that the earlier hearing in the Superior Court, Chancery Division, General Equity Part, had determined that the Church did not qualify for an exemption, because it did not have a certificate of occupancy for the premises for the period in which taxes were assessed. The Appellate Division had ruled that “[t]he lack of a certificate of occupancy is not a bright line rule requiring denial of a tax exemption, but here, it was never determined whether the property was actually used by the Church during the lengthy interim between purchase and issuance of the certificate of occupancy.” The Appellate Division found that “[n]one of the earlier cases would require denial of the exemption here if the Church had actually used the building for non-profit purposes, exclusively, but in violation of the city housing code. If those circumstances existed, it might be entitled to tax exempt status under N.J.S.A 54:4-3.6 if the city did not order the use to desist.” This ruling is consistent with Corbacho v. Mayor and Council of Newark, 16 N.J. Tax 240 (App.Div.1997), (holding that violation of a building code is not per se authority to deny a tax abatement or exemption).
Since I find that the Apostolic Church of Deliverance, by its organization and use of the subject property during the relevant tax years, qualified for a tax exemption under N.J.S.A 54:4-3.6,1 *106 must address Newark’s contention that the Church’s failure to appeal the assessment of taxes in a timely fashion defeats its claim for exemption.
For 1993, a tax appeal was filed, the county board affirmed the assessment, and no further appeal was taken. For the prior years, no appeals were taken. Thus, under N.J.S.A 54:3-21, F.M.C. Stores Co. v. Morris Plains Bor., 100 N.J. 418, 495 A.2d 1313 (1985), and New Jersey Turnpike Auth. v. Monroe Tp., 2 N.J.Tax 371 (Tax 1981), it would appear that those assessments are fixed, and nothing can be done about them.
The failure of the taxpayer to challenge assessments prior to 1993, or to pursue the county board’s denial of an exemption for 1993 by appeal to the Tax Court, N.J.S.A 54:51A-1a, are fatal to the taxpayer’s claim of tax exemption.
Based on the law governing the timeliness of appeals, the defendant, by both its organization and activities, would have qualified for an exemption from taxation had it filed a timely appeal. Because defendant did not comply with the procedural requirements of appealing the tax assessments, I find that the taxes assessed against defendant must be affirmed. I need not reiterate the importance of meeting statutory appeal deadlines in tax matters. F.M.C. Stores Co., supra, 100 N.J. 418, 495 A.2d 1313.
I note that Reverend Goodwin testified that he had received tax assessments and not appealed them in the early years. It appears that he was advised by legal counsel during much of this time. To permit the voiding of these assessments after the failure to file timely appeals for the years other than 1993, or after the expiration of the time to appeal from the county board determination for 1993, would create an unlimited statute of limitations in these matters. Furthermore, to permit the collateral attack in the foreclosure proceeding of matters already resolved in the bankruptcy court and the Essex County Board of Taxation would do violence to the concept that, in taxing matters, appeal deadlines are strictly enforced.
*107 I do not make this determination easily, because it would appear that, if the taxpayer had filed timely appeals, it would have enjoyed a tax exemption, it would not have been delinquent in taxes, and it would not have been vulnerable to losing the property to tax foreclosure.
Taxpayer cites N.J.S.A. 54:4-3.6c., which states as follows:
The governing body of each municipality, by ordinance, may, upon a showing of good cause as to why a timely claim was not filed, return all taxes collected on property owned by one or more associations or corporations organized exclusively for charitable or religious purposes, which would have been exempt pursuant to R.S. 54:4-3.6 had timely claim been made therefor; provided, however, that no refund shall be made if more than 3 years have passed since the last date for filing a timely application. No interest shall be paid by the municipality on any refund made pursuant to this section.
Taxpayer argues that, at various times, members of the Newark City Council agreed to pass the appropriate ordinance. Taxpayer further argues that those promises, in fact, amounted to an enforceable contract with the City of Newark. Despite taxpayer’s assertion, this statute is permissive and not mandatory. The City cannot be compelled to refund taxes under the cited statute on the authority of a letter from the City Clerk to the Corporation Counsel of the City of Newark. Only adoption of an ordinance can accomplish that objective. No ordinance was adopted.
In summary, on remand, this court finds that the Apostolic Church of Deliverance, by virtue of its ownership and use, qualified for a tax exemption with regard to Block 322, Lots 38, 39 and 40, located at 355-357 and 359 — 14th Avenue, Newark, for the years in which taxes were assessed. Under N.J.S.A 54:4-3.6, the Church was a qualified entity, and its use of the premises qualified it for tax exemption. The failure of the Church to file an appropriate statement under N.J.S.A 54:4-4.4 would not be fatal to a claim for exemption under the cases cited in the defendant’s brief. Blair Academy v. Blairstown Tp., 95 N.J.Super. 583, 232 A.2d 178 (App.Div.1967), certif. denied 50 N.J. 293, 234 A.2d 401 (1967); Emanuel Missionary Baptist Church v. Newark, 1 N.J.Tax 264 (Tax 1980); West Orange Tp. v. Joseph Kushner Hebrew Academy, 13 N.J.Tax 48 (Tax 1993). Nevertheless, the failure to file timely appeals of the assessments for the years prior *108 to 1993, and the failure to take an appeal from the 1993 county tax board judgment, fix those assessments under the relevant statutory limitation periods. N.J.S.A. 54:3-21; F.M.C. Stores, supra, 100 N.J. 418, 495 A.2d 1313. There is no statutory authority to void those assessments.
The completion of the trial and rendering of this opinion, copies of which have been sent to the Clerks of the Appellate and Chancery Divisions, complete the remand ordered by the Appellate Division. The determination based on additional findings of fact and conclusions of law does not disturb the initial determination of the Superior Court, Chancery Division, General Equity Part.