NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

## TAX COURT OF NEW JERSEY



**Patrick DeAlmeida**
 **Presiding Judge**

R.J. Hughes Justice Complex
P.O. Box 975
Trenton, New Jersey 08625-0975
(609) 815-2922 x54620

December 15, 2017

Michael J. Caccavelli, Esq.
Zipp, Tannenbaum & Caccavelli, LLC
280 Raritan Center Parkway
Edison, New Jersey 08837

Dante M. Alfieri, Esq.
Cleary, Giaccobe, Alfieri, Jacobs, LLC
5 Ravine Drive
Matawan, New Jersey 07747

Re: Oorah, Inc. v. Township of Lakewood
Docket No. 001137-2015

Dear counsel:

This letter constitutes the court's opinion on the parties' cross-motions for summary judgment with respect to whether plaintiff's real property satisfies the statutory requirements for an exemption from local property taxes pursuant to N.J.S.A. 54:4-3.6 for tax year 2015. The municipality argues that because plaintiff failed to file an Initial Statement pursuant to N.J.S.A. 54:4-4.4 seeking an exemption for its property, plaintiff has, as a matter of law, failed to establish its entitlement to an exemption. Plaintiff, on the other hand, argues that its failure to file an Initial Statement is, as a matter of law, not relevant to whether the statutory requirements for an exemption have been satisfied.

For the reasons stated more fully below, the court concludes that plaintiff's failure to file an Initial Statement seeking an exemption for tax year 2015 does not, as a matter of law, preclude the award of an exemption. The controlling inquiry for an exemption is whether the ownership and use of the property as of October 1st of the pre-tax year satisfies the statutory criteria set forth in N.J.S.A. 54:4-3.6, and not whether an Initial Statement seeking the exemption was filed with the assessor. As a result of this conclusion, defendant's motion for summary judgment is denied. In addition, plaintiff's motion for summary judgment on this question is granted.

In addition, plaintiff argues that this court should, pursuant to R. 4:23-2(b), preclude the municipality from contesting that plaintiff has established the statutory elements for an exemption for its property. Plaintiff contends that the municipality, without justification, refused to produce the tax assessor for a deposition at which he would be questioned about his rationale for denying the exemption. As a sanction for this refusal to provide discovery, plaintiff demands that the township be barred from contesting plaintiff's entitlement to an exemption.

For the reasons stated more fully below, the court concludes that defendant did not breach discovery rules because the time for discovery had expired at the time that the assessor's deposition notice was served. Plaintiff's requested sanction is, therefore, denied. The court, however, will enter an Order extending the discovery period and compelling the assessor's deposition.

I. Findings of Fact and Procedural History

The following findings of fact and conclusions of law are based on the certifications and exhibits submitted in support of the parties' cross-motions.

At issue in a seven-acre parcel in defendant Lakewood Township on which is located a 32,000-square-foot office and warehouse. The property is designated in the records of the municipality as Block 1609, Lot 2, and is commonly known as 1785 Swarthmore Avenue.

2

Plaintiff Oorah, Inc. is a non-profit corporation formed under New Jersey law in July 2000. According to plaintiff's bylaws, its purpose is to "support various outreach programs for unaffiliated Jews," including the provision of tuition assistance, tutoring, scholarships, financial assistance, and numerous other programs.

Plaintiff obtained title to the subject property on November 28, 2006. Two days later, 1785 Swarthmore, LLC, a limited liability company, was formed. The purpose of 1785 Swarthmore, LLC is "to engage in any activity within the purpose for which Limited Liability Companies may be formed pursuant to the New Jersey Limited Liability Company Act." The operating agreement for 1785 Swarthmore, LLC indicates that the entity's purpose is "conducting any legal business enterprise." Plaintiff is the sole member of 1785 Swarthmore, LLC.

On March 9, 2007, plaintiff transferred ownership of the subject property to 1785 Swarthmore, LLC.

A.     Tax Year 2013.

Beginning in March 2012, the Lakewood Cheder School, a non-profit entity, rented the property for what plaintiff contends are uses qualifying for an exemption from local property taxes pursuant to N.J.S.A. 54:4-3.6.

In September 2012, plaintiff, acting as the sole member of 1785 Swarthmore, LLC, filed an Initial Statement seeking a local property tax exemption for the property for tax year 2013.

In November 2012, the municipal tax assessor denied the exemption. The reason for the denial, as stated in the assessor's denial letter, was that the "[o]rganization claiming exemption is not recognized by the State of New Jersey as a nonprofit organization . . . ."

On March 15 2013, 1785 Swarthmore, LLC filed a Complaint in this court seeking to reverse the assessor's decision to deny an exemption for tax year 2013. The property owner also

3

challenged the amount of the assessment on the property in the event that the court did not reverse the exemption denial.

On April 11, 2014, the Hon. Mary Siobhan Brennan, J.T.C., issued a bench opinion upholding the assessor's decision. Judge Brennan held that 1785 Swarthmore, LLC had not satisfied the ownership criteria for an exemption for tax year 2013 because it is not a nonprofit entity. The court did not address the property owner's challenge to the assessment on the parcel.

On October 28, 2015, the Superior Court, Appellate Division, on leave to appeal, issued an unpublished opinion affirming Judge Brennan's grant of summary judgment to the township on the exemption question. In reaching its opinion, the Appellate Division noted that the

> parties do not dispute that [1785 Swarthmore, LLC] has satisfied two of the three statutory prongs under N.J.S.A. 54:4-3.6: namely, that the subject property is "actually and exclusively used for the tax-exempt purpose," and that its "operation and use" is not conducted for profit. The only disputed issue is whether [1785 Swarthmore, LLC] satisfies the first prong of the statute, which requires the property "owner" to be "organized exclusively for the tax-exempt purpose."
>
> [1785 Swarthmore, LLC v. Township of Lakewood, No. A-4701-13 (App. Div. Oct. 5, 2015)(slip op. at 6).][1]

The Appellate Division rejected the argument that 1785 Swarthmore, LLC satisfied the ownership element of N.J.S.A. 54:4-3.6 "because of its status as a wholly-owned subsidiary of a nonprofit corporation." Ibid. The court remanded the matter to this court for resolution of the challenge to the assessment on the subject property for tax year 2013.

---

[1] Although R. 1:36-3 provides that "no unpublished opinion shall be cited by any court," the Rule includes an exception where such a citation is necessary for "res judicata, collateral estoppel, the single controversy doctrine or any other similar principle of law." Given the need to discuss the tax year 2013 appeal to address properly the claims raised by plaintiff, citation of the Appellate Division's unpublished opinion is warranted.

B.      Tax Year 2014.

October 22, 2013, during the pendency of the tax year 2013 appeal, 1785 Swarthmore, LLC transferred ownership of the subject property back to plaintiff. Plaintiff did not file an Initial Statement seeking an exemption for the subject property for tax year 2014.

On March 11, 2014, however, plaintiff filed a Complaint with this court alleging that the subject property should be exempt for tax year 2014.

On December 30, 2015, the parties filed a Stipulation of Settlement with respect to tax years 2013 and 2014. In the Stipulation of Settlement, the property owner waived all claims to an exemption for tax years 2013 and 2014.

C.      Tax Year 2015.

Plaintiff did not file an Initial Statement requesting an exemption for the subject property for tax year 2015.

On March 4, 2015, while the tax year 2013 and 2014 appeals were pending, plaintiff filed a Complaint with this court alleging that the subject property should be exempt for tax year 2015. In addition, the Complaint challenged the assessment on the subject property in the event that an exemption was not awarded.

On January 18, 2017, plaintiff moved for summary judgment in its favor on the exemption issue for tax year 2015. In its motion papers, plaintiff argues that the assessor's denial of the exemption was based solely on plaintiff's failure to file an Initial Statement seeking the exemption.

On March 15, 2017, the municipality opposed plaintiff's motion and cross-moved for summary judgment in its favor on the exemption issue. Defendant's motion papers address only the question of the legal significance of plaintiff's failure to file an Initial Statement. No mention

5

is made of plaintiff's assertion that the sole basis for denial of the exemption was plaintiff's failure to file an Initial Statement.

On September 6, 2017, plaintiff moved pursuant to R. 4:23 for an Order deeming plaintiff to have established each of the statutory elements for an exemption set forth in N.J.S.A. 54:4-3.6. In support of this motion, plaintiff alleges that the municipality has unreasonably refused to produce the tax assessor for a deposition. According to plaintiff, the purpose of the deposition is to ascertain the basis on which the assessor determined that plaintiff's property is not exempt for tax year 2015, beyond the failure to file an Initial Statement. Plaintiff's moving papers clearly establish that plaintiff's counsel was proceeding under the impression that the assessor did not dispute plaintiff's ownership and use of the subject property satisfied the statutory criteria for an exemption, and was relying only on the lack of an Initial Statement as grounds for denying the exemption. While the parties' cross-motions for summary judgment were pending, the municipality made clear that although it conceded the ownership prong of the statute, it would not concede the remaining statutory elements for an exemption.

Because of this representation, on June 21, 2017, plaintiff noticed the deposition of the municipal tax assessor. Although a date for the assessor's deposition was scheduled, the municipality thereafter expressed its refusal to produce him. The municipality proffered the same refusal on a second scheduled date for the assessor's deposition.

In support of its motion, the taxpayer argues that the municipality effectively conceded in the tax year 2013 appeal that the statutory elements, other than ownership by a non-profit entity, were satisfied. In addition, the tax assessor whose deposition is sought approved plaintiff's application for an exemption for the subject property for tax years 2016 and 2017. According to plaintiff, there has been no change in the use of the property since 2013. It is reasonable, plaintiff

6

argues, for the court to conclude that the municipality's refusal to produce the assessor is solely for avoiding sworn testimony from the official who has found the subject property's use to satisfy the statute's requirements for an exemption for tax years 2013, 2016 and 2017.

The municipality opposes plaintiff's motion for relief pursuant to R. 4:23. The only basis offered by defendant for refusing to produce the tax assessor for his deposition is that the discovery period expired prior to the service of the assessor's deposition notice.

## II. Conclusions of Law

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2 (c). In Brill v. Guardian Life Ins. Co., 142 N.J. 520, 523 (1995), our Supreme Court established the standard for summary judgment as follows:

> [W]hen deciding a motion for summary judgment under Rule 4:46-2, the determination whether there exists a genuine issue with respect to a material fact challenged requires the motion judge to consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party.

"The express import of the Brill decision was to 'encourage trial courts not to refrain from granting summary judgment when the proper circumstances present themselves.'" Township of Howell v. Monmouth County Bd. of Taxation, 18 N.J. Tax 149, 153 (Tax 1999)(quoting Brill, supra, 142 N.J. at 541).

Because they represent a departure from the fundamental approach to all property owner's bearing their fair share of the local property tax burden "[t]ax exemption statutes are strictly

7

construed, and the burden of proving entitlement to an exemption is on the party seeking it." Abunda Life Church of Body, Mind & Spirit v. City of Asbury Park, 18 N.J. Tax 483, 485 (App. Div. 1999)(citing New Jersey Carpenters Apprentice Training and Educ. Fund v. Borough of Kenilworth, 147 N.J. 171, 177-78 (1996), cert. denied, 520 U.S. 1241, 117 S. Ct. 1845, 137 L. Ed. 2d 1048 (1997); Princeton Univ. Press v. Borough of Princeton, 35 N.J. 209, 214 (1961)). "[A]ll doubts are resolved against those seeking the benefit of a statutory exemption." Chester Borough v. World Challenge, Inc., 14 N.J. Tax 20, 27 (Tax 1994)(quoting Teaneck Township v. Lutheran Bible Inst., 20 N.J. 86, 90 (1955)). These standards, however, do "not justify distorting the language or the legislative intent" of the exemption statute. Boys' Club of Clifton, Inc. v. Township of Jefferson, 72 N.J. 389, 398 (1977).

A.     Plaintiff's Failure to File an Initial Statement for Tax Year 2015.

N.J.S.A. 54:4-3.6 provides an exemption from local property taxation for

> all buildings actually used in the work of associations and corporations organized exclusively for . . . charitable purposes, [as well as] the land whereon any of the buildings hereinbefore mentioned are erected, and which may be necessary for the fair enjoyment thereof, and which is devoted to the purposes above mentioned and to no other purpose and does not exceed five acres in extent . . . provided . . . the buildings, or the lands on which they stand, or the associations, corporations or institutions using and occupying them . . . are not conducted for profit . . . .

In addition, the exemption applies only

> where the association, corporation or institution claiming the exemption owns the property in question and is incorporated or organized under the laws of this State and authorized to carry out the purposes on account of which the exemption is claimed . . . .
>
> [N.J.S.A. 54:4-3.6.]

8

The statutory criteria for a charitable exemption are properly summarized as follows. A claimant must demonstrate that: (1) it owns the property; (2) it is organized exclusively for charitable purposes and is authorized to conduct the activities for which the property is used; (3) the property was actually used for the tax exempt purpose; and (4) the operation and use of the property was not conducted for profit. See Essex Properties Urban Renewal Assocs. v. City of Newark, 20 N.J. Tax 360, 364 (Tax 2002).[2]

According to N.J.S.A. 54:4-4.4,

> [e]very municipal tax assessor shall, on or before October 1, 1951, obtain from each owner of real property in this taxing district, for which a tax exemption is claimed, an initial statement under oath in such form as shall be prescribed by the Director of the Division of taxation, showing the right to the exemption claimed.

There are no disputed issues of material fact with respect to the legal significance of plaintiff's failure to file an Initial Statement seeking an exemption for tax year 2015. It is undisputed that plaintiff did not file an Initial Statement for tax year 2015. An Initial Statement, however, was filed on behalf of 1785 Swarthmore, LLC seeking an exemption for the subject property for tax year 2013. As discussed at length above, the tax assessor denied the exemption for tax year 2013 based on the nature of the entity that owned the property. This court and the Appellate Division reviewed the assessor's decision. While the challenge to the tax year 2013 exemption denial was pending, plaintiff obtained ownership to the subject property and filed Complaints in this court seeking an exemption for the property for tax years 2014 and 2015. Plaintiff did not, however, file an Initial Statement seeking an exemption for those years.

---

[2]     N.J.S.A. 54:4-3.6 previously required actual and exclusive use of the buildings for charitable purposes. L. 2001, c. 18 removed the exclusive use element of the statute of the charitable use exemption.

According to the municipality, plaintiff's failure to file an Initial Statement precludes the award of an exemption for tax year 2015. The municipality's argument fails for two reasons. First, if the purpose of N.J.S.A. 54:4-4.4 is to give the municipal tax assessor the opportunity to inspect a property and review the basis of an exemption claim that purpose has been satisfied here. In 2012, when plaintiff filed an Initial Statement, the tax assessor had the opportunity to inspect the subject property and examine relevant evidence to determine whether the statutory criteria for an exemption were met. In the three years that followed, plaintiff's challenge to the assessor's denial of an exemption was pending and the taxpayer filed two Complaints seeking an exemption for the property, one for tax year 2014 and one for tax year 2015. It cannot be disputed that the assessor was, at all relevant time, aware the plaintiff sought an exemption for the subject property. He had every opportunity to inspect the property and review the basis of an exemption claim.

It is notable that the statute requires that the assessor obtain an Initial Statement from the property owner for each property for which an exemption is claimed. While it may exceed the intent of the Legislature to require the assessor to contact the owner of each property for which an exemption might be viable even if no expression of interest in an exemption has been made by the property owner, where, as is the case here, a taxpayer has filed Complaints in three successive years seeking an exemption for the same parcel, it may well be incumbent on the assessor to request an Initial Statement, rather than wait for one to be filed by the property owner.

Second, it is well established in this State that a parcel's exempt status is determined by its ownership and use, and not by the property owner's compliance with exemption claim procedures. See Blair Academy v. Township of Blairstown, 95 N.J. Super. 583, 591 (App. Div.)(holding that "[t]he failure of the municipal assessor to obtain the statements, which N.J.S.A. 54:4-4.4 makes it mandatory for him to obtain, should not deprive this nonprofit academy of the tax exemption to

10

which it is entitled by law."), <u>certif. denied</u>, 50 <u>N.J.</u> 293 (1967); <u>Township of West Orange v. Joseph Kushner Hebrew Academy</u>, 13 <u>N.J. Tax</u> 48, 54 (Tax 1993)(holding that taxpayer's failure to comply with <u>N.J.S.A.</u> 54:4-4.4 "has no effect upon the claimant's entitlement to exemption under <u>N.J.S.A.</u> 54:4-3.6."); <u>Atlantic County New School, Inc. v. City of Pleasantville</u>, 2 <u>N.J. Tax</u> 192, 197 (Tax 1981)(holding that the filing of an exemption claim under <u>N.J.S.A.</u> 54:4-4.4 "is not a condition precedent to the allowance of an exemption under <u>N.J.S.A.</u> 54:4-3.6.") <u>Emanuel Missionary Baptist Church v. City of Newark</u>, 1 <u>N.J. Tax</u> 264, 267-268 (Tax 1980)(holding that with respect to <u>N.J.S.A.</u> 54:4-4.4, "the assessor's failure to obtain the statement does not vitiate the exemption otherwise allowable."); <u>accord</u> <u>Wellington v. Township of Hillsborough</u>, 27 <u>N.J. Tax</u> 37 (Tax 2012)(holding failure to file application for veteran's exemption not fatal to claim).

The municipality's attempt to distinguish these precedents is unpersuasive. Defendant argues that in <u>Blair Academy</u>, <u>supra</u>, and <u>Emanuel Missionary</u>, <u>supra</u>, the assessors were aware of the exempt use of the property, despite the taxpayers' failure to submit an Initial Statement requesting an exemption. According to defendant, in the present matter the assessor was unaware of the use to which the subject property was put on the relevant valuation date and, because plaintiff did not file an Initial Statement, did not have an opportunity to inspect the property.

While it may be true that the assessors in <u>Blair Academy</u> and <u>Emanuel Missionary</u> had constructive knowledge of the exempt use of the properties in question, this fact alone was not determinative of the outcome in those cases. Moreover, in <u>Atlantic County New School</u>, <u>supra</u>, the property was owned and operated by a non-exempt entity on the relevant valuation date. It was only after the subsequent transfer to a non-profit owner that an untimely Initial Statement was filed. 2 <u>N.J. Tax</u> at 194. Thus, the assessor in that matter could not have been aware of an exempt use of the property, as no such use existed prior to the filing of the Initial Statement.

In addition, in the present matter, the assessor was unquestionably aware that plaintiff sought an exemption for the subject property as of October 1, 2014, given the pendency of the appeals for tax years 2013 and 2014 on that date. There is no law that would have prevented the assessor from requesting an inspection of the subject property in order to ascertain whether its use satisfied the exemption requirements set forth in N.J.S.A. 54:4-3.6.

Nor is the court convinced that the controlling precedents are distinguished by the fact that in this matter a non-exempt owner, after an unsuccessful application for an exemption for tax year 2013, transferred the property to plaintiff, a non-profit entity. As noted above, a transfer from a non-exempt entity to a non-profit entity was also present in Atlantic County New School.

B.     Plaintiff's Request for Relief Pursuant to R. 4:23-2(b)(2).

According to Rule 4:23-4, where a party fails to appear to take his deposition, after proper service of notice, the court in which the action is pending may, on motion, make such orders as are just, including taking any action authorized by Rule 4:23-2(b)(2).

According to Rule 4:23-2(b)(2)

> If a party or an officer, director, or managing or authorized agent of a party or a person designated under R. 4:14-2(c) or 4:15-1 to testify on behalf of a party fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> (1)     An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (2)     An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting the introduction of designated matters in evidence . . . .

There is no question that the deposition of the municipal tax assessor falls within the scope of permissible discovery. There shall be a substantial liberality in the granting of discovery in New Jersey courts. Shanley & Fisher, P.C. v. Sisselman, 215 N.J. Super. 200, 215-216 (App. Div. 1987). A party may seek production of all information "relevant to the subject matter involved in the pending action" or which "appears reasonably calculated to lead to the discovery of admissible evidence," R. 4:10-2(a); In re: Liquidation of Integrity Ins. Co., 165 N.J. 75, 82 (2000). This court has the discretion to determine the scope and manner of permissible discovery between the parties. Payton v. New Jersey Turnpike Auth., 148 N.J. 524, 559 (1997). As the official who decided that plaintiff's property is not entitled to an exemption, the assessor is subject to a deposition.

The sole reason proffered by the municipality for not producing the assessor for his deposition is that the time for discovery expired before service of the assessor's notice of deposition. The municipality's assertion is correct. See R. 8:6-1(a)(6)(v)(establishing discovery period of 150 days after the filing of the Complaint for exemption matters). The municipality did not object to the notice of deposition on these grounds. In fact, defendant agreed to two dates on which the assessor's deposition would be taken, only to decline to produce the assessor when those dates arrived. Moreover, the municipality does not contest the taxpayer's assertion that significant communications were exchanged between the parties' counsel and the assessor during the discovery period in which it was plain that plaintiff was operating under the premise that the sole basis for the denial of the exemption was the failure to file an Initial Statement. These discussions explain why the taxpayer did not seek to take the assessor's deposition sooner.

The court has the authority to expand the discovery period to permit the assessor's deposition. In light of the circumstances here, the deposition of the tax assessor will proceed. The court will enter an Order compelling production of the assessor for his deposition and extending

the discovery period to allow both parties to exchange discovery regarding whether the use of the subject property satisfies the statutory criteria for an exemption pursuant to N.J.S.A. 54:4-3.6.

The court declines to deem that plaintiff satisfied the statutory criteria for an exemption for 2015. "While a trial judge has wide discretion in deciding the appropriate sanctions for a breach of discovery rules, the sanction must be just and reasonable." Conrad v. Robbi, 341 N.J. Super. 424, 441 (App. Div.)(quotations omitted), certif. denied, 170 N.J. 201 (2001); Mauro v. Owens-Corning Fiberglas Corp., 225 N.J. Super. 196, 206 (App. Div. 1998), aff'd, 116 N.J. 126 (1989). The preclusion of a party's claims or defenses as a sanction for a breach of discovery obligations is an extreme remedy reserved for deliberate obstruction and willful violation aimed at securing an unfair advantage. Abtrax Pharm., Inc. v. Elkins-Simm, Inc., 139 N.J. 499, 521 (1995).

The court has concluded that there was not a breach of discovery rules by the municipality, given that the discovery period in this matter had expired prior to service of the assessor's notice of deposition. Moreover, even if the discovery period had not expired, the motion record does not contain evidence supporting imposition of the extreme remedy plaintiff seeks.

The court notes that although the municipality may not have contested the statutory use element in the tax year 2013 appeal, and has granted an exemption to the subject property for tax years 2016 and 2017, each tax year stands on its own. See Aperion Enterprises, Inc. v. Borough of Fair Lawn, 25 N.J. Tax 70, 86 (Tax 2009). It is the use of the property on October 1, 2014 that will control the outcome in this matter, not the use of the property on the valuation dates applicable to other tax years.

Very truly yours,

/s/Hon. Patrick DeAlmeida, P.J.T.C.

14