NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

```
------------------------------------------------------x
YESHIVA KOL TORAH, INC.,            :
                                    :   TAX COURT OF NEW JERSEY
          Plaintiff,                :   DOCKET NO:  010897-2019
                                    :               008120-2020
          v.                        :               009713-2021
                                    :               007795-2022
LAKEWOOD TOWNSHIP,                  :               007517-2023
                                    :
          Defendant.                :
                                    :
                                    :
------------------------------------------------------x
```

Decided: May 29, 2024.

Michael J. Caccavelli and Grace Chun for plaintiff (Pearlman & Miranda, LLC).

Dante M. Alfieri for defendant (Cleary Giacobbe Alfieri Jacobs, LLC).

CIMINO, J.T.C.

Since there are disputed issues of material fact as to the use of the property, the court denies the motions for summary judgment.

Yeshiva Kol Torah, Inc. (Yeshiva) is a not-for-profit corporation located on Oak Street in the Township of Lakewood. Yeshiva operates a primary day school for boys in grades kindergarten through 8th grade, as well as a co-educational daycare and preschool. The property is located on adjacent parcels which already enjoy tax

-1-

exempt status. Yeshiva now seeks exemptions for 4.11 acres designated as Lots 1, 2, 3 and 4 of Block 1006; Lots 1 and 3 of Block 1007; and Lots 1.05, 1.07 and 1.09 of Block 1009. The lots are wooded and undeveloped. On October 12, 2021, Yeshiva sold 3.49 of the 4.11 acres. The parcels sold comprise Lots 1, 2, 3, and 4 of Block 1006; Lots 1 and 3 of Block 1007; and Lot 1.05 of Block 1009. This leaves only Lots 1.07 and 1.09 of Block 1009 at issue for the later tax years.

Yeshiva asserts that the students use the lots in question as a place to walk so as to enjoy the outdoors as well as for daily outdoor activities such as nature walks, physical education classes, and recess. On the other hand, the municipality asserts that the property consists of extensively wooded vacant land that does not show any evidence of a use for an exempt purpose.

Summary judgment is not an appropriate method of disposing of a matter if there are disputed issues of material fact requiring a credibility determination. Brill v. Guardian Life Ins. Co. of America, 142 N.J. 520, 540 (1995).

For most non-governmental properties, the starting point of the exemption analysis is N.J.S.A. 54:4-3.6 [1] which states in pertinent part:

> The following property shall be exempt from taxation under this chapter: . . . all buildings actually used for colleges, schools, academies, or seminaries . . . the land whereon any of the buildings . . . are erected and which

---

[1] There are other statutory provisions dealing with non-governmental entities. See, e.g., N.J.S.A. 54:4-3.7 to 3.27.

may be necessary for the fair enjoyment thereof . . . and does not exceed five acres in extent . . . .

[N.J.S.A. 54:4-3.6.]

A fundamental principle of taxation is the strict construction of statutory exemptions against those invoking an exemption. Advance Housing, Inc. v. Township of Teaneck, 215 N.J. 549, 566 (2013); International Schools Services, Inc. v. Township of West Windsor, 207 N.J. 3, 15 (2011); N.J. Carpenters Apprentice Training & Educ. Fund v. Borough of Kenilworth, 147 N.J. 171, 177 (1996). The party seeking an exemption bears the burden of proving establishment of the basis for the exemption. Int'l Schs. Servs., 207 N.J. at 15; Advance Hous., 215 N.J. at 566; N.J. Carpenters, 147 N.J. at 178. These principles foster the "well-established policy that 'the public tax burden is to be borne fairly and equitably.'" Advance Hous., 215 N.J. at 566 (quoting Int'l Schs. Servs., 207 N.J. at 15).

To qualify for an exemption from property tax: (1) the owner has to be organized for an exempt purpose; (2) the owner actually uses the property for an exempt purpose; and (3) the owner's use and operation of the property is not for profit. Int'l Schs. Servs., 207 N.J. at 16 (citing Paper Mill Playhouse v. Township of Millburn, 95 N.J. 503, 506 (1984)); Advance Hous., 215 N.J. at 567-68 (citing Paper Mill Playhouse, 95 N.J. at 506). The three prongs of the test are commonly known as the "organization," "use," and "profit" prongs. Borough of Hamburg v. Trs. Of Presbytery of Newton, 28 N.J. Tax 311, 318 (Tax 2015).

For this motion, the parties do not dispute that Yeshiva meets the organization and profit prongs. However, the parties vigorously contest the use prong. "[T]he statute does not restrict the exemption to the precise land on which the building is located. Otherwise the statutory language need not have specified all the land necessary for the fair enjoyment of the buildings." Boys' Club of Clifton, Inc. v. Township of Jefferson, 72 N.J. 389, 401 (1977). "'[N]ecessary for the fair enjoyment' . . . refers to the Use of the building. 'Necessary' in the context here does not mean absolutely indispensable. Rather it refers to what is reasonably necessary to accomplish the institution's purposes." Ibid.

This court has dealt with a similar use issue in Township of West Orange v. Joseph Kushner Hebrew Academy, 13 N.J. Tax 48 (Tax 1993). The property consisted of three lots. Id. at 50. The middle lot of 6.71 acres contained buildings in the form of a "U," with playground equipment located in the courtyard. Id. The buildings housed a nursey school for children ages 2 ½ to 5 ½ years. Id. On one side was a lot with 4.382 wooded acres. Id. On the other side was a 3.82 acres lot. Id. The court found that children attending the nursery school play in all three lots, including activities such as nature walks which are part of the school program. Id. at 51. "[C]redible evidence show[ed] that the entire land area is used by the nursery school for a playground and for activities conducted by the school for the children in attendance. [The court] therefore f[ound] that the entire land area of the three

-4-

subject lots is necessary for the fair enjoyment of the buildings within the contemplation of the exemption statute." Id. at 54.

In Fairleigh Dickinson University v. Borough of Florham Park, 5 N.J. Tax 343 (Tax 1983), the court considered the taxation of a university located on the grounds of the former Twombly estate. Id. at 347. "[T]o the extent available, land is desirable for extracurricular activities such as athletics, as well as for walking and sitting in the out-of-doors to enjoy the solitude and aesthetics of the natural surroundings." Id. at 357. The court rejected the argument that "a university which has the benefit of an expansive, attractive and historical campus should not be permitted to use large open areas for university purposes, even though campuses in urban settings operate successfully without similar open areas." Ibid. "It is not essential for exemption purposes that every foot of the campus be trod upon." Id. at 358. Resultingly, the court found most areas of the campus to be exempt. Id. at 360-61.

Yeshiva asserts that the properties in question are a place to walk, sit, and enjoy the outdoors, including outdoor activities such as nature walks, physical education classes and recess. Of late, Yeshiva asserts it provides a wilderness program encompassing wilderness survival, wild and edible plants, wildlife tracking, outdoor leadership and sustainable living skills. On the other hand, the

municipality provides photographs asserting the property is not suitable nor used for any school activities.

With the foregoing in mind, the court is reluctant to grant summary judgment determining that the use prong is satisfied just because the representative of the taxpayer says so. On the other hand, the court is reluctant to grant summary judgment determining the use prong is not satisfied solely on the thin assertion of the municipality that the property is heavily wooded. The court need not rule at this point whether Yeshiva's recent assertions that it conducts a "wilderness program" is even a necessary requisite for granting the tax exemption. It may be that the activities initially set forth are sufficient to confer the exemption.

As plainly stated by the Appellate Division:

> Any issues of credibility must be left to the finder of fact. That is so even where a witness's testimony is uncontradicted, as long as, when considering the testimony in the context of the record, persons of reason and fairness may entertain differing views as to its truth. Summary judgment should be denied unless the right thereto appears so clearly as to leave no room for controversy.
>
> [Akhtar v. JDN Props. At Florham Park, LLC, 439 N.J. Super. 391, 399 (App. Div. 2015) (citations omitted).]

As said long ago by our Supreme Court "[w]here men of reason and fairness may entertain differing views as to the truth of testimony, whether it be uncontradicted, uncontroverted or even undisputed, evidence of such a character is

for the [trier of fact]." Ferdinand v. Agricultural Ins. Co., 22 N.J. 482, 494 (1956). "[A] trier of fact 'is free to weigh the evidence and to reject the testimony of a witness, even though not directly contradicted, when it contains inherent improbabilities or contradictions which alone or in connection with other circumstances in evidence excite suspicion as to its truth.'" D'Amato by McPherson v. D'Amato, 305 N.J. Super. 109, 115 (App. Div. 1997) (citing In re Estate of Perrone, 5 N.J. 514, 521-22 (1950)).

Here, the taxpayer asserts that it is conducting a "wilderness program" on the property. Just because this testimony is uncontradicted does not mean that the court must accept such assertions as true. These testimonial proofs have yet to be subject to the rigors of cross-examination and an evaluation by the trier of fact. The court is free to accept all, some, or none of a witness's testimony.

The municipality asserts the property is not usable for outdoor activities. The few pictures provided by the municipality do not provide much context except to demonstrate the property is wooded, at least in part. There are woods, and then there are "woods." It is unknown whether these woods are thick with briars, poison ivy and heavy overgrowth, or low-lying and swampy; or, in the alternative, fairly passable and usable for outdoor activities. This court has previously stated that not every section need be trod upon; however, at least some meaningful access through

the wooded areas is required. Neither the parties' affidavits, nor the pictures, provide an answer to this question.

Certainly, further inspection by both parties, including video of the ability or inability to travel through these wooded areas, would be helpful to the court. An on-site inspection is appropriate considering it was the taxpayer which brought the action. See Standard Interrogatories to be Served on Taxpayer, N.J. Courts Form CN 10966 (Rev. 9/2008) (Question 23 dealing with inspections); R. 8:6-1(a)(5) (prescribing use of standard interrogatories in standard track case). See also R. 8:6-1(a)(4) (inspection of premises allowed for small claims cases); R. 8:11(a)(2) (exemption case is not on small claims track).

For this case to continue, Yeshiva needs to allow prompt access to the property to dispel any notions that the taxpayers are literally clearing a path for tax exemption.[2] Considering the lengthened period of daylight provided with the seasons, such a visit on short notice would not be disruptive to the educational activities.

Even if the wooded areas can suitably satisfy the use prong, the further factual question remains whether the wooded areas are actually used. This is a credibility determination for trial.

---

[2] Yeshiva can certainly deny access to the property. However, that would subject Yeshiva to a motion to dismiss for failure to allow discovery.

For the foregoing reasons, the court denies both parties' motions for summary judgment.